## 31451. PORTER v. SOUTHERN RAILWAY COMPANY.

DECIDED NOVEMBER 26, 1946.

*C. E. Moore, E. L. Fowler,* for plaintiff.

*John T. Dorsey, Fred Morris, Matthews, Owens & Maddox,* for defendant.

SUTTON, P. J. This case was before this Court in *Porter* v. *Southern Railway Co.,* 73 *Ga. App.* 718 (37 S. E. 2d, 831), where it was held that the lower court properly sustained a general demurrer to count 1 of the original petition, but erred in sustaining the general demurrer to count 2 and in dismissing the plaintiff's action. Thereafter, the issues formed by count 2 of the petition and by the answer thereto were tried and passed on by a jury. The jury returned a verdict in favor of the defendant. The exception here is to the judgment overruling the plaintiff's amended motion for a new trial.

■ Counsel for the plaintiff in error state in their brief that they do not insist on the general grounds of the motion for a new trial, and therefore they will not be considered.

■ In special ground 1, the plaintiff in error contends that the court erred in stating to the jury that the petition was originally brought in two counts and that the court had sustained a general

demurrer to each count, and the Court of Appeals had affirmed the judgment of the lower court in so far as count 1 of the petition was concerned and that count was not to be considered by the jury; but that the Court of Appeals had reversed the judgment sustaining the general demurrer to count 2 of the petition and sent the case back to be tried on that count under the evidence. It is not contended that these statements were not in fact true, but the contention is that they amounted to an expression of an opinion by the trial judge to the jury that there was no merit in the plaintiff's cause, and that they tended to confuse and mislead the jury. The trial judge in his charge instructed the jury that he did not intimate or express an opinion as to which party should prevail, but that this was a question solely for the jury to determine. Under the facts of this case, the charge complained of was not error for any reason assigned, and the court did not err in overruling special ground 1 of the motion for new trial.

■ In special grounds 2, 3, 6, 7, 8, and 9, the plaintiff in error contends that the court erred in repeating to the jury the kind of care required of the deceased in approaching and going upon the crossing, under the facts alleged in the petition and shown by the evidence. It is not contended that these charges did not state correct principles of law, but the contention is that they were argumentative, and that the repetition of the charges tended to stress the care required of the deceased and to minimize the care required of the defendant. We have carefully examined the entire charge given to the jury, and we think that it was fair and adequate and that the instructions complained of, when considered in connection with the entire charge, are not subject to the criticisms made against them. The trial judge did not err in overruling these special grounds.

■ Error is assigned in special ground 4 on the charge of the court that it was the duty of the deceased "on approaching the crossing involved to drive the automobile in such a manner and to keep such lookout ahead and to either side as would meet the requirements of ordinary care, taking into consideration all the conditions existing at the time as may be shown by the evidence," on the grounds that this charge did not state a correct principle of law; that it was not adjusted to the pleadings and evidence of the case; that it amounted to an expression by the court that the de-

ceased was not in the exercise of ordinary care; and that it was argumentative. And in special ground 5 of the motion, it is contended that the court erred in charging the jury: ".If you should find from the evidence that, in the exercise of ordinary care, the plaintiff's husband did see or could or should have seen the train was approaching in time to have stopped his automobile without driving it onto the crossing in the path of the train, or otherwise could have avoided being struck by the train by the use of ordinary care, and that his failure to use such care was the proximate cause of his death, then you would find in favor of the defendant railway company," upon the grounds that this charge did not state a correct principle of law; that it was not adjusted to the pleadings and evidence in the case; that it was argumentative and was an expression by the court that it was negligence on the part of the deceased to attempt to cross the tracks in front of an approaching train; and that it was an intimation of an opinion by the court that ordinary care would require that the deceased somehow find a way to avoid being killed. The charges here complained of stated correct applicable principles of law under the facts of this case, and no error is shown by either of these grounds of the motion and the court did not err in overruling them. In this connection, see the Code, §§ 105-603, 94-703; *Central of Georgia Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (89 S. E. 841).

■ The trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs in the judgment.*