**W. A. QUERNER, Appellant,**

v.

**Donald DE SPAIN, Appellee.**

**No. 13635.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 28, 1960.

Rehearing Denied Oct. 26, 1960.

724

W. Pat Camp, Wm. C. Church, Jr., San Antonio, for appellant.

Baskin, Casseb & Casseb, John M. Gilliland, San Antonio, for appellee.

POPE, Justice.

Donald DeSpain sued W. A. Querner, his employer, for personal injuries and the jury awarded him $35,000. Querner, though eligible, did not have Workmen's Compensation Insurance, and hence he could not defend upon the basis of contributory negligence, the negligence of a fellow servant, or the voluntary assumption of risk. Sec. 1, Art. 8306, Vernon's Tex.Civ. Stats. Querner argues that the burden was on DeSpain to prove causation, and that the court erred in failing to define new and independent cause in the charge, in failing to submit a sole proximate cause issue, and in failing to combine more than one sole cause in a single issue.

DeSpain left San Antonio after midnight on February 6, 1958, driving a tractor-trailer for defendant, Querner, destined for Houston. Just after he passed Luling and while driving in an easterly direction, the tractor-trailer suddenly stopped on the highway because a defective air line caused the safety brakes to lock. The highway where the tractor-trailer stopped had a small slope and because of highway repairs there was a deep ditch to the right or south side of the vehicle. Because the vehicle was blocking the road, DeSpain undertook to move it from the highway. He had no equipment with which to repair the defective air line. J. C. Cloessner, a truck driver for Pearl Brewery, approached from the opposite direction, stopped his vehicle, and discussed the situation with DeSpain. DeSpain asked Cloessner to crawl under the trailer and release the air pressure, but he refused. DeSpain then crawled beneath the trailer, and with a pair of pliers reached over the axle to turn the valve which would release the air pressure and free the brakes. Before he did this, he put clods of dirt behind the wheels to keep the trailer from rolling back over him. After he released the air pressure, the tractor and trailer moved backwards and ran over his arm and shoulder, causing serious injuries. The vehicle rolled on backwards about seventy-five feet, un-

til it collided with a Greyhound bus which had stopped because the highway was blocked.

█ The jury found that the defendant employer was negligent in permitting De-Spain to drive the vehicle equipped with a defective air line and also in permitting him to drive it with a defective hand emergency brake, and that these were proximate causes of the accident. Defendant objected to the court's definition of proximate cause, not because of any defect in the definition of that term, but because it omitted the element of new and independent cause. Defendant submitted no substantially correct definition of that term. When the objection to a definition is actually a request to give additional instructions which the objector thinks would be beneficial to him, he must tender a substantially correct definition or instruction. The defendant did not do that. Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000; Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312; Western Union Telegraph Co. v. Hinson, Tex.Civ. App., 222 S.W.2d 636; accord, Stanaland v. Traders & General Ins. Co., 145 Tex. 105, 195 S.W.2d 118.

Moreover, new and independent cause was not in the case for two reasons. The first reason is that there is no evidence of such a cause. Giving the evidence and the inferences from the evidence the strongest force in favor of appellant, it is no more than a surmise. Defendant relies upon a situation which would have Cloessner in the cab of the truck driving backwards over the plaintiff. The only evidence in the record of that fact comes from a witness who did not testify of his own knowledge and observation, but did testify that the plaintiff, while in the hospital, made a statement to that effect. The testimony, and all of it, which defendant relies upon is, "I believe he (plaintiff) said it was a Pearl Brewery driver, I am not positive, but I think that is what he said. He had the man to get up in the cab to move the truck while he crawled underneath and released the air, to pull it off the road. Then he said the man got, apparently put it in reverse instead of forward, and instead of pulling it forward he put it in reverse and the man backed the truck over him." The vehicle in fact went backwards more than seventy feet and was stopped by colliding with a parked Greyhound bus. Giving the testimony all its force, it is mere speculation of what happened. The second reason that new and independent cause was not in the case is that, even if the evidence be strong enough to infer the fact, it shows the existence of concurring causes. Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 68 A.L.R.2d 1062; Gulf, C. & S. F. R. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Young v. Massey, 128 Tex. 638, 101 S.W. 2d 809.

█ Defendant next complains that the court erred in refusing two requested issues.[1] One issue inquired whether Cloessner failed to have the tractor-trailer under control at the time of the accident; the other, whether such failure was the sole proximate cause. The first issue was confusing and assumed the existence of facts which were sharply disputed. Defendant probably was assuming that Cloessner was inside the cab driving the truck at the time it rolled backwards. If this is what the issue meant, there is no evidence to sup-

1. "Do you find from a preponderance of the evidence that James C. Cloessner failed to have the tractor-trailer under control at the time of the accident in question?

Answer 'Yes' or 'No'.

"If you have answered the foregoing Issue 'Yes' then answer the following question, if you have answered the foregoing Issue 'No' you need not answer the following question.

"Do you find from a preponderance of the evidence that such failure, if any you have found, was the sole proximate cause of the accident in question?

Answer 'Yes' or 'No'."

port that idea, for, as already discussed, the evidence of that fact is supported by no more than surmise and conjecture, as reported by a witness who visited plaintiff while in the hospital. At most, whether Cloessner was in the truck was a disputed issue. DeSpain and two other witnesses testified that Cloessner was at the scene, but was not in the driver's seat at all when the truck ran over DeSpain, but was standing beside the trailer while DeSpain crawled under it to free the brakes.

■ The issue on sole cause was conditioned upon an affirmative answer to the first requested issue. In discussing this issue, we must understand just who Cloessner was. He was the driver of the Pearl Brewery truck who stopped to aid DeSpain, whose tractor-trailer was blocking an important highway. In aiding DeSpain, under the necessities of the occasion, even if he were in the cab and driving the truck, he was DeSpain's fellow servant. Sandefur v. Sandefur, Tex.Civ.App., 232 S.W.2d 111; 5 Blashfield, Cyclopedia of Automobile Law and Practice, § 2989. The Workmen's Compensation Act abolished the defense of fellow servant, which is a relationship between the plaintiff and the servant. The Act, however, did not abolish the relationship of master and servant which exists between the defendant and his servant. Cloessner, as the fellow servant of DeSpain, was the servant of defendant. It appears to be defendant's contention that his own servant failed to have the vehicle under control, and that such failure was the sole cause of the accident. In other words, the defendant urges that his own conduct was the sole proximate cause of the accident. The sole proximate cause issue is ordinarily proper only in situations which involve the conduct of a third person, or an independent event with which the defendant was not connected. Dallas Transit Co. v. Tolbert, Tex.Civ.App., 337 S.W.2d 617; Stephens v. Mendenhall, Tex.Civ.App., 287 S.W.2d 259, 268; Sunset Motor Lines v. Blasingame, Tex.Civ.App., 245 S.W.2d 288; Panhandle Sante Fe Ry. Co. v. Ray, Tex.

Civ.App., 221 S.W.2d 936; Dodd v. Burkett, Tex.Civ.App., 160 S.W.2d 1016; International-Great Northern R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506, 521; Hodges, Special Issues Submission in Texas, § 22.

There is sound policy for the rule, as illustrated by this case. Let us suppose the court had submitted the two issues requested, and the jury had answered them as the defendant apparently insists they should have been answered. We would have a situation in which a defendant, to defeat plaintiff's case, would be urging that his own employee failed to keep control and that such failure was the sole cause of the accident. With findings of the act and that it was the cause of the injury, as urged by the defendant, plaintiff no doubt would have moved for judgment on those findings. In granting judgment for the plaintiff on such findings, the fact of negligence would be deemed as found in support of the judgment, and the defendant would be supplying an additional reason for a judgment against himself. In our opinion, this is unduly confusing the function of sole cause, and would have bewildered the jury with both sides for different legal reasons urging them to answer the issues in the affirmative.

The trial court separately submitted two sole cause issues which the jury answered against the defendant. The defendant requested that still another issue be submitted inquiring whether the same two acts, in combination, were the sole cause. The court correctly refused the request. "It was held in the case of Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001, that several separate acts claimed to be the sole proximate cause should not be submitted in one issue * * *." Hicks v. Brown, Tex. Com.App., 136 Tex. 399, 151 S.W.2d 790, 793; Rowan & Hope v. Valadez, Tex.Civ. App., 258 S.W.2d 395.

■ Defendant objected to the issues which inquired about the defective air line on his vehicle. The objection is that the

submission of such issue is too global and all-embracing. In Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99, the issue inquired whether a defendant had been negligent because an oil derrick was defective. The Supreme Court stated that separate issues should be submitted for each item of defectiveness. Had the court below inquired whether the truck was defective instead of the air-line on the truck, the cited case would be helpful. Here the specific item was named which plaintiff claimed was defective, and the issue was not too broad.

■ Defendant requested an issue on unavoidable accident but the court did not submit it. The request improperly placed the burden of proof, but apart from the defect, the evidence did not raise the issue. Dallas Ry. & Terminal Co. v. Darden, Tex. Com.App., 38 S.W.2d 777; Harrison v. King, Tex.Civ.App., 296 S.W.2d 344. We have considered the other points and find no reversible error.

The judgment is affirmed.