42681.   CROUCH et al. v. NICHOLSON.

Argued April 4, 1967—Decided May 25, 1967—Rehearing denied June 14, 1967—

*Lokey & Bowden, Glenn Frick,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade, Burns, Robert W. Beynart, Fred W. Minter,* for appellee.

Jordan, Judge. 1. The first enumerated error asserts that the trial court erred in giving requested instructions that if the jury

found that the decedent violated the law, and that this "constituted the proximate cause" of the occurrence, the plaintiffs would not be entitled to recover.

The appellants contend that under such circumstances the plaintiff's negligence must be "the sole proximate cause" and that failure to use the word "sole" constitutes reversible error.

The instructions correctly stated an abstract principle of law. See *Porter v. Southern R. Co.*, 74 Ga. App. 546 (4) (40 SE2d 438). The terms "the proximate cause" and "the *sole* proximate cause" are substantially identical in meaning, and both terms embrace *one or more* acts which are the direct cause of an event. The addition of the word "sole" only emphasizes the single nature of the direct cause of an event. Its use is not required, and should the word be used in reference to the proximate cause of an event, explanation may be required to illustrate that "the *sole* proximate cause" could consist of one or more acts of negligence by one or more persons. See *Tidwell v. Tidwell*, 92 Ga. App. 54, 59 (7) (87 SE2d 657). Under analogous circumstances, this court has held it was error to refuse requested instructions omitting the word "sole" in connection with "the proximate cause." See *Pollard v. Roberson*, 61 Ga. App. 465, 466 (3) (6 SE2d 203).

The instructions of the trial judge as a whole, which elsewhere include instructions on the Georgia law of comparative negligence, clearly convey the impression that recovery, diminished recovery, or the denial of recovery depended upon a determination by the jury of what act or acts were negligence, except negligence per se, and whether one or more acts were the direct cause of the collision. See *Maner v. Dykes*, 55 Ga. App. 436, 443, 444 (190 SE 189); *Flanigan v. Reville*, 107 Ga. App. 382, 383 (3) (130 SE2d 258).

2. In their second enumerated error the appellants assert that the trial court erred in giving requested instructions to the effect that if the jury found the decedent was in violation of law, the decedent was under a duty to anticipate that others may be in violation of law, and that if the jury found further that the failure to anticipate a violation of law was the proximate cause of injury and death, the jury must find for the defendant.

At the trial counsel contended that the court should have stated the converse of the situation. It appears from the record, however, that the trial court did so instruct the jury immediately following the requested instruction, and concluded this portion of the instructions by stating that the same rule of law would apply to both parties. The appellants now assert error additionally on the ground that the language used was an expression of opinion that the failure to anticipate a violation of law would constitute negligence.

We agree with the appellants that these instructions were defective, to the extent that the trial court failed to state that the jury must determine that the failure to anticipate was *negligence* which was the proximate cause. The proper place to assert this deficiency was at the trial, and this was not done. See Section 17 (a) of the Appellate Practice Act, as amended by Ga. L. 1966, pp. 493, 498. Nevertheless, as noted in the first division of the opinion, the trial court did make it clear elsewhere in its instructions that what acts constituted negligence, except negligence per se, and what negligence was the proximate cause of the incident, were issues for jury determination.

3. In their third enumerated error the appellants assert that the trial court erred in giving requested instructions by reading *Code Ann.* § 68-1647 (a) relating to turning movements, and in then instructing the jury that if the jury found that the decedent attempted to enter a private road or driveway when such movement could not be made with reasonable safety, and found such action to be the proximate cause of injury and death, the jury must find for defendant.

Counsel objected at the trial and insist here that the court erred in failing to qualify proximate cause as "the *sole* proximate cause" and in this respect the ruling in the first division controls. Counsel further insisted that the Code section was inapplicable as it applies only to intersections, and there is no evidence that the occurrence took place at an intersection. We find no merit in this contention.

One of the cases cited and relied upon, *Howard v. Hall*, 112 Ga. App. 247 (145 SE2d 70), involved instructions concerning provisions of law which were applicable only to intersections

of public roads, whereas the "intersection" in that case was that of a public road and a multiple-use driveway. *Code Ann.* § 68-1647 (a) not only applies to turning movements at intersections of public roads, but includes turning movements to enter a private road or driveway. The trial court used the exact language appearing in the Code, based on the enrolled Act, and although the word "to" following the citation to *Code Ann.* § 68-1644 clouds the meaning, it is still apparent that the sense of the first sentence is to impose a legal duty to ascertain the safety of a turning movement before deviating from a direct course of travel, at intersections, or to enter a private road or driveway, and elsewhere. In comparing the South Carolina statute (S. C. Code Ann. § 46-405 (1962)), which the Georgia enactment of the Uniform Act Regulating Traffic on Highways parallels in this respect, we note that the word "or" is used instead of "to." This is what was probably intended in the Georgia statute, as the language of the sentence is otherwise the same. With this substitution the meaning becomes manifestly clear.

4. The fourth enumerated error, that the trial court erred in failing to define proximate cause to the jury, is without merit for the reasons appearing in the first division of this opinion.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*