Mrs. Maggie McLEROY et vir, Appellants,

v.

Mrs. Willie STOCKER, Community Survivor of A. A. Stocker Estate, et al., Appellees.

No. 16244.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 24, 1974.

Roger Knight, Jr., Madisonville, for appellants.

Butler, Binion, Rice, Cook & Knapp, Donald B. McFall, Houston, Dillon, Giesenschlag & Sharp, Tom D. Giesenschlag, Bryan, of counsel, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a judgment rendered on a jury verdict in a personal injury action growing out of an automobile collision. The principal issue is whether the evidence raised the question of unavoidable accident.

Plaintiff stopped her car in response to a traffic signal. A car driven by Nick Dalio stopped behind her. The car driven by A. A. Stocker hit the Dalio car propelling it into the McLeroy car. Mrs. McLeroy claims that she received personal injuries as the result of the collision.

The trial court submitted issues on negligence and contributory negligence. The court instructed the jury:

"You are instructed that an event does not have to be proximately caused by the negligence of any party to the event. Such event is defined in law as an 'unavoidable accident.'

"Thus, if in your deliberation you determine that the occurrence in question was not proximately caused by negligence of any party to the event, you

shall answer all of the issues in this charge inquiring about 'negligence or negligent acts' of the plaintiff and the defendant 'we do not.'"

The plaintiff objected to the inclusion of this instruction in the charge on the ground that it constituted a comment on the weight of the evidence and was a "directive to the jury to answer the negligence issues 'we do not'"; that the definition should be submitted in the language suggested in Yarborough v. Berner, Tex., 467 S.W.2d 188; and that there was no evidence, or insufficient evidence that the occurrence was unavoidable.

Mr. Stocker died two days after the accident. He was an elderly man and appeared to be in a weak, feeble state prior to and just after the accident. After the accident he looked like he was sick. He was leaning on the front of his car and he would shake. "He just looked real upset." There was introduced into evidence from the records of Corbusier Chevrolet in Bryan, Texas, a repair order from its body shop reflecting that on September 20, 1971, a used light was installed on a 1959 model Chevrolet at the order of A. A. Stocker, 1405 E. 27th Street, Bryan, Texas, and that the front end of the car was straightened and aligned. Another work order was introduced bearing Mr. Stocker's name and address, dated September 17, 1971, describing a 1959 Chevrolet and bearing the notation "No brakes—repair as needed." It shows charges for overhauling the master cylinder, adding brake fluid, and for wrecker service. Both work orders bear the notation that the charges were paid by check on September 20, 1971.

There was testimony that the collision happened in Bryan, Texas, about 2:00 P.M. on September 17, 1971. The day was clear. The pavement dry. Visibility was good. No brake sounds were heard by the witnesses and no brake marks were found on the pavement. The plaintiff testified that she saw Mr. Stocker some five or six blocks away from the scene of the collision

approach to within one car length of a slow moving vehicle at a speed of about twenty-five miles per hour.

There is no testimony that Mr. Stocker was driving a 1959 model Chevrolet at the time he ran into the Dalio car. There is no testimony as to the time of day that the 1959 Chevrolet was taken to the repair shop. There is no testimony as to the condition of the brakes on the car that was repaired, or the car being driven by Mr. Stocker, either before or after the collision. There is no testimony as to the condition of the master cylinder which was repaired other than the notation "No brakes" on the repair order. There is no evidence as to how long the defect in the brakes had existed, or whether there was a sudden failure or a gradual failure. The significance of the fact that the master cylinder was repaired was not explained. The failure to present more evidence on these points may be explained by the fact that Mrs. Stocker was mentally incompetent to testify at the time of the trial and for a period of months prior thereto.

■ The testimony is not of sufficient probative force to raise more than a surmise or suspicion that the accident was caused by a sudden brake failure. The advanced age and feeble condition of Mr. Stocker is not shown to have been a cause of the accident. His sick or upset condition after the accident might well have resulted from the accident. Unavoidable accident would not be presented merely because Mr. Stocker was driving when his physical condition was such that he could not drive safely. There is no evidence of a sudden deterioration in his physical condition. There is no evidence as to whether or not Mr. Stocker knew his brakes were bad. If the brakes on the car Mr. Stocker was driving at the time of the collision were repaired after the collision, it is not shown that the repairs were not made necessary as a result of the collision.

■ If there is sufficient evidence from which reasonable people could determine that this accident could have happened despite the fact that all of the parties to the event exercised the degree of care required by law, then an instruction on unavoidable accident was required. The conduct of one of the parties to the event could not be the basis for a finding of unavoidable accident. Yarborough v. Berner, 467 S.W.2d 188 (Tex.1971). A known dangerous condition is no evidence of unavoidable accident. Sherwin-Williams Paint Company v. Card, 449 S.W.2d 317 (Tex.Civ.App.—San Antonio 1970). If the evidence does not raise the issue that something other than the negligence of one of the parties to the event caused the occurrence, then the issue of unavoidable accident is not raised. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952). The trial court erred in submitting an instruction on unavoidable accident to the jury.

■ The error of the court probably resulted in the rendition of an improper judgment. The instruction on unavoidable accident appeared in the charge on the page preceding the first special issue. The instruction probably was considered by the jury as a direction to first consider the question of unavoidable accident and, if they found that the event resulted from such an accident, to answer all negligence issues "we do not." By giving this instruction the court suggested to the jury that there was evidence that the event was the result of an unavoidable accident. This was a comment on the weight of the evidence. Our consideration of the entire record convinces us that the error resulted in harm to the appellant. Texas Power & Light Company v. Hering, 148 Tex. 350, 224 S.W.2d 191 (1949).

In Yarborough v. Berner, 467 S.W.2d 188 (Tex.1971), the court stated that "unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party to the event." It quoted Professor Hodges' comment that "'the issue is to be used only to inquire about the possible causal effect of some

physical condition of circumstance.' Hodges, Special Issue Submission in Texas, Sec. 19 (1959)." The court then added: "This would ordinarily include such non-human things as fog, snow, sleet, wet or slick pavement, or obstruction of the view." The court quoted from Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449 (1941);

"The *only* legitimate purpose to be served in submitting unavoidable accident is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of. This purpose is fully accomplished when the jury is told that the occurrence in question was an unavoidable accident if it happened without the negligence of either of the parties to the suit."

■ A proper definition of unavoidable accident is to be included in the charge when it is raised by evidence of probative value. Here after the court gave a definition of unavoidable accident, it added an improper instruction in effect requiring the jury to determine first whether there was an unavoidable accident, and, in the event the jury determined that the event occurred without the negligence of any party to it, to answer the issues submitted "we do not." By this device the court, in effect, submitted an issue on unavoidable accident, and then instructed the jury not to answer the other issues in a manner that would conflict. We conclude that this instruction gives undue emphasis to the question of unavoidable accident, making it the controlling issue in the case, rather than merely calling the matter to the attention of the jury so that they will understand that they do not necessarily have to find one of the parties guilty of negligence. Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546 (Tex.1969).

We are not unaware that in many cases the courts have held that the inclusion in a charge of an issue on unavoidable accident is harmless error where the jury fails to find the defendant guilty of acts of negligence proximately causing the plaintiff's injury. Rhodes v. Liberty Welding Works, 391 S.W.2d 796 (Tex.Civ.App.—Beaumont 1965, writ ref. n. r. e.); Leatherwood Drilling Co. v. TXL Oil Corporation, 379 S.W.2d 693 (Tex.Civ.App.—Dallas 1964, writ ref. n. r. e.). Because the trial court instructed the jury to answer the issues on primary negligence of the defendant "we do not" in the event they found that the accident was unavoidable, we consider these cases distinguishable.

Appellee contends that we should not consider the points of error referable to the charge on unavoidable accident because the plaintiff failed to submit written instructions on unavoidable accident; because the transcript of plaintiff's objections bears no notation that it was timely filed; and because plaintiff failed to include the court's charge to the jury in the transcript on appeal.

■ Plaintiff's objections were dictated to the court reporter and later reduced to writing and signed by the trial judge under the notation "The foregoing objections overruled." An objection is the proper method of preserving a complaint of a defective definition or instruction. Rule 274, Texas Rules of Civil Procedure. A written request is required to preserve the right to complain of the omission of an issue or instruction. Rule 279, T.R.C.P. Yellow Cab and Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92 (1955).

■ Rule 272, supra, requires that objections to the court's charge that are dictated to the court reporter in the presence of the court before the charge is read to the jury be transcribed and filed with the clerk bearing the court's endorsement in time to be included in the transcript. The objections were not filed with the district clerk in time to be included in the original transcript. The instrument was filed with the district clerk within the time

allowed by Rule 386, T.R.C.P., for filing a transcript on appeal in the Court of Civil Appeals, and was brought to this court within that time by supplemental transcript. This is a sufficient compliance with Rule 272.

The court's charge was not included in the transcript. As permitted by Rule 428, T.R.C.P., this court has directed the district clerk to furnish a supplemental transcript including the charge, and such supplemental transcript has now been filed.

■ Appellant has also complained of the action of the trial court in overruling his special exception to the defendant's pleading alleging unavoidable accident. The pleading was in general terms and the exception was good. Roberts v. K–Mart Foods, Inc., 470 S.W.2d 751 (Tex.Civ.App. —Dallas 1971, writ ref. n. r. e.).

The judgment is reversed and the cause remanded.