Salvador HUERTA and Guadalupe
Huerta, Appellants,

v.

HOTEL DIEU HOSPITAL, Appellee.

No. 6999.

Court of Appeals of Texas,
El Paso.

Jan. 6, 1982.

Rehearing Denied Feb. 3, 1982.

Bert Williams, Tim Williams, El Paso, for
appellants.

Grambling, Mounce, Sims, Galatzan &
Harris, Sam Sparks, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J.,
and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a jury verdict
denying Appellant, Guadalupe Huerta, re-
covery for an assault upon her while a
patient at Hotel Dieu Hospital and from the
granting of a directed verdict against Sal-
vador Huerta on his claim for loss of con-
sortium arising out of the assault. We sus-
tain the granting of the directed verdict
and reverse the remainder of the case for a
new trial because of an instruction on sole
proximate cause in the charge.

There is no dispute but that the Plaintiff,
Guadalupe Huerta, was assaulted by Jose
Hurtado, an employee of Defendant, Hotel
Dieu Hospital. In the early morning hours
of December 23, 1975, Jose, who was em-
ployed as a maintenance man in Defend-
ant's hospital, entered the room of Plaintiff
who was a patient recovering from hyster-
ectomy surgery and, on the pretense of
being a doctor, told the patient that he was
there to examine her. When he penetrated
her vagina with his finger and began to do
an in-and-out motion, she turned on the
light and screamed for help. Mrs. Huerta
and her husband, Salvador, filed this suit
against the hospital alleging liability on a
theory of respondeat superior, six counts of
negligence on the part of the hospital inde-
pendent of the conduct of Jose, and a theo-
ry of breach of contract between hospital
and patient.

At the conclusion of the Plaintiff's
evidence in chief, the trial Court granted a
directed verdict as to the husband, Salva-

dor. The verdict was instructed on the basis that there was no evidence that the husband, Salvador, had suffered compensable injury under Texas law. The directed verdict was correct in that the only evidence was that the husband suffered a loss of consortium. Although the Supreme Court of Texas has held that either spouse has a cause of action for negligent impairment of consortium, such holding applies only to actions arising after the Court's decision in *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978). The Court there held and repeated this holding in *Minyard Food Stores v. Newman*, 612 S.W.2d 198 (Tex. 1980), that the 1978 decision was not retroactive. Any cause of action Salvador might have had arose in 1975.

Guadalupe's case was presented to the jury by some nineteen special issues. By cluster of issues 1, 2 and 3, the jury found that Jose committed the assault upon the Plaintiff, that such was negligence, and such negligence was the proximate cause of the occurrence in question. By cluster of issues 7, 8 and 9, the jury found that Jose was acting with apparent authority to examine the Plaintiff, such action on the part of Jose was negligence, and such negligence was the proximate cause of the occurrence in question. By cluster of issues 10, 11 and 12, it was found that the hospital failed to properly screen Jose before hiring, that such failure to screen was negligence, but such negligence was not a proximate cause. The jury answered other issues in favor of the Defendant including the damage issue which was answered in zero dollars.

In addition to instructions on proximate cause and proximate result, the Court in its charge submitted the following instruction:

"You are further instructed that the term 'sole proximate cause' means the only proximate cause or the exclusive proximate cause of the occurrence; and it is the burden of the Plaintiffs, Salvador Huerta and Guadalupe Huerta to prove to your satisfaction by a preponderance of the evidence that the conduct of Jose Hurtado was not the sole proximate cause of her injuries, if any. Therefore, if you find from the evidence that the conduct of Jose Hurtado was the sole proximate cause of her injuries, if any, sustained Guadalupe Huerta, then you cannot find that any act or omission on the part of Hotel Dieu Hospital was a proximate cause of the injuries and damages, if any."

Plaintiff objected to both the submission and the form of the instruction. Defendant argues that Rule 277, Tex.R.Civ.P., as amended in 1973, is the basis for its submission since it provides that inferential rebuttal issues shall not be submitted in the Court's charge.

Under the facts of this case, the conduct of Jose as a sole proximate cause is not an inferential rebuttal issue. Plaintiff pled for recovery against the Defendant on theories of respondeat superior because of Jose's acts and for primary negligence of the Defendant in its failure to screen its hiring of Jose, failure to properly supervise its employees, failure to provide proper security, and failure to warn. An inferential rebuttal issue which should not be submitted under the rule is judicially defined as one which disproves the existence of an essential element submitted in another issue. *Select Insurance Company v. Boucher*, 561 S.W.2d 474 (Tex.1978). Under the respondeat superior theory, Plaintiff is contending that Jose's conduct is the proximate cause of her injuries. Defendant says the conduct of Jose was the sole cause of her injuries. Thus, the parties are relying on the same fact with one saying it is the proximate cause and the other saying such fact is the sole cause. As noted above, two issues were submitted inquiring of proximate cause; one following a question of whether Jose assaulted the Plaintiff; and another following a question of whether Jose was acting with apparent authority. No essential element of either of those issues is disproved by an issue and finding that Jose's conduct was the sole cause. Sole and proximate cause are substantially identical and both embrace one or more acts which are the direct cause of an event, and the addition of the word "sole" only emphasizes the single nature of the direct cause of an

event. *Crouch v. Nickolson*, 156 S.E.2d 384, 116 Ga.App. 12 (1967). The basic characteristic of an "inferential rebuttal issue" which is prohibited by Rule 277 is that it presents a contrary or inconsistent theory from a claim relied upon for recovery. *Select Insurance Company v. Boucher, supra.*

There is no dispute but that Jose was an employee of the Defendant and that he was on duty on the Defendant's premises at the time of the also undisputed assault. The rule of law is well established that "the sole proximate cause issue is ordinarily proper only in situations which involve the conduct of a third person, or an independent event with which the defendant was not connected." *Querner v. De Spain*, 339 S.W.2d 723 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.). "The issue of sole proximate cause is not available to a defendant as to his own acts and is available only to discover whether the act of a third party or an extraneous happening was the sole cause of plaintiff's injury." *Atchison, Topeka and Santa Fe Railway Company v. Ham*, 454 S.W.2d 451 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.). In our case, the sole proximate cause on which the instruction was given was the conduct of Defendant's employee, and it was the same happening or occurrence on which the Plaintiff relied for recovery. In insisting on the instruction, Defendant is, as noted in *Querner v. De Spain, supra*, attempting to defeat Plaintiff's claim by urging that Defendant's own employee's conduct was the sole cause of the occurrence.

As noted by issues 10, 11, and 12, the jury found that (10) the Defendant had failed to properly screen Jose before hiring him, (11) this was negligence, but (12) it was not a proximate cause. Here, again, Jose's conduct was not an inferential rebuttal issue disproving existence of an essential element. To the contrary, such reprehensible conduct tends to prove that the Defendant was negligent in failing to properly screen him before hiring.

Under the form of the Court's instruction, the jury had to answer Issue No. 12 that such negligence was not a proximate cause. They were told that if they found Jose's conduct to be the sole proximate cause "then you cannot find that an act or omission on the part of Hotel Dieu Hospital was a proximate cause of the injuries and damages, if any." The jury is presumed to have followed the Court's instructions. *Pride Transport Co., Inc. v. Hughes*, 591 S.W.2d 631 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.).

Sole proximate cause is by the instruction made the controlling issue in the case—if you find it, then you cannot find any other act, or omission caused Plaintiff's injuries and damages. The pleadings and evidence raised other issues. In fact, as noted, nineteen issues were submitted. Yet all are subverted to this instruction, including the damage issue which the jury answered in zero dollars. In *McLeroy v. Stocker*, 505 S.W.2d 615 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ), the jury was told that if you find the occurrence was not caused by negligence of either party, you will answer all questions as to the negligence of either plaintiff or defendant, "We do not." The instruction was disapproved by the Appeals Court and we think the situation not too different from the one before us.

The Court's attempt to follow Rule 277 shows that we have now gone full-cycle in the contest between simplified verdicts and certainty of findings. From the general charge we went to special issues—the "doubt eliminators"—and when they became too tedious, we amended Rule 277 in 1973 ". . . as a means of halting the complex and artificial proliferation of narrow special issues . . ." *Scott v. Atchison, Topeka & Santa Fe Railway Company*, 572 S.W.2d 273 (Tex.1978). *Also see :* Pope and Lowerre, *Revised Rule 277—A Better Special Verdict System for Texas*, 27 Sw.L.J. 577 (1973). With the jury not being required to reveal its finding on this controlling issue, we are now back where we were with the general verdict in not having a fact-finding which can be tested on appeal for evidentiary support in the record.

■ The mandate of Rule 277 is that the Court ". . . shall submit such explanatory

instructions and definitions as shall be proper to enable the jury to render a verdict . . ." Case law holds that the only function of an explanatory instruction is to aid and assist the jury in ascertaining issues submitted by the Court. *Rendon v. Texas Employers' Insurance Association*, 599 S.W.2d 890 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). This is a simple case in which the plaintiff sued the defendant for an assault by the defendant's employee. Under our system of special issue submission, (aided and abetted by Rule of 277), the Court's charge has "turned confusion into chaos." Sole cause and proximate cause issues were asked of the jury as to one set of facts with the burden of proof on plaintiff to prove both; that is, that Jose's conduct was the proximate cause and that Jose's conduct was not a sole cause. Proper instructions are those which aid the jury in answering the issues submitted; nothing else, however interesting or relevant to the case in general, is required. *First State Bank & Trust Company of Edinburg v. George*, 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

The trial Court has considerable discretion under Rule 277 in deciding what instructions, if any, are necessary and proper. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.1974). Absent a showing of such denial of Appellant's rights as was reasonably calculated to cause and probably did cause rendition of an improper verdict, no abuse of discretion has been shown. *Minchen v. Rogers*, 596 S.W.2d 179 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). In the case before us, we conclude that there is such a denial of Appellant's rights as reasonably calculated to cause and probably did cause rendition of an improper verdict. Point of Error Number 2 is sustained. All others are overruled. We therefore reverse the judgment of the trial Court and remand for another trial.