Billy W. DURBIN, Appellant,

v.

AMERICAN MANUFACTURING COMPANY OF TEXAS, Appellee.

No. 7148.

Court of Appeals of Texas, El Paso.

Nov. 24, 1982.

Rehearing Denied Dec. 22, 1982.

**240**

Warren Burnett, Willie Schmerler, Burnett & Hardwick, Odessa, for appellant.

Ray Stoker, Shafer, Gilliland, Davis, McCollum & Ashley, Jim Moseley, Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a take nothing judgment entered by the trial court in a products liability and negligence case. We affirm.

The Appellant, Billy Durbin, hereafter referred to as Plaintiff, brought this action against the manufacturer of an oil field pumping unit, Appellee, American Manufacturing Company of Texas. American Manufacturing later sued Texaco as owners of the pumping unit under a negligence theory. From a jury verdict of $200,000.00 damages, no liability, Durbin brings this appeal. Texaco has been severed from the cause.

Texaco purchased the pumping unit in 1970 and in April, 1976, Durbin was working on the pumping unit as a member of a well servicing crew. His job was to climb the pumping unit and lift off the horse's head. The horse's head can only be removed when the pulling unit derrick lifts both the rod and pipe off the head. On the day he was injured, Durbin was positioned behind the horse head waiting for the weight to be lifted off so that he could remove the head. When it was removed, the braking unit failed and the beam Durbin was lying on rocked up and pinned him against the derrick. It then rocked down and Durbin fell off the beam some 25 feet to the ground and sustained serious injury.

Plaintiff sought recovery under two separate theories, strict liability and negligence. The issues under both theories were presented to the jury and they found against plaintiff. On appeal, his sole point of error is that the trial court erred in not submitting an instruction in connection with a negligence issue. The issue is:

Do you find from a preponderance of the evidence that the Defendant's, American Manufacturing, failure to warn the plaintiff, Billy Durbin, on April 3, 1976, of the danger of relying on the brake to secure the cranks exposed Billy Durbin to an unreasonable risk of harm?

The Plaintiff's requested instruction with this issue was:

In making a determination of whether the lack of warning exposed Billy Durbin to an unreasonable risk of harm, you are instructed to take into consideration the costs and benefit of providing a warning.

■ At the outset, we must deal with the defendant-appellee's contention that the error was not preserved. The record of the trial proper does not contain the requested instruction. At the hearing on motion for new trial, the events surrounding the instruction were reconstructed. From the record, it appears that the special issue number three and the requested instruction were submitted to the trial court and when the Defendant objected to the special instruction, the judge simply whited out the instruction. The plaintiff made no further objection or complaint as to that action by the trial judge. The defendant argues that the plaintiff acquiesced in the action by the trial judge and waived any right to complain on appeal. Rule 279 of the Texas Rules of Civil Procedure says that the failure to submit an instruction is not reversible error unless a substantially correct instruction is "requested in writing and tendered by the party complaining of the judgment". The trial court has certified in the record of the motion for new trial that the instruction was presented to him in the form above set out. We hold that that is compliance with Rule 279 and the Plaintiff has not lost his right to complain on appeal.

The sole issue here is whether the trial court committed reversible error in declining to give the requested instruction. We have concluded that reversible error is not present.

Rule 277, Texas Rules of Civil Procedure, provides that the trial court "... shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render their verdict."

■ Under the Rule, it is held that the only function of an explanatory instruction is to aid and assist the jury in ascertaining issues submitted by the court. *Rendon v. Texas Employers' Insurance Association,* 599 S.W.2d 890 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *Pittsburg Coca-Cola Bottling Works of Pittsburg, Texas v. Pon-*der, 443 S.W.2d 546 (Tex.1969). The trial court has considerable discretion under this rule in deciding what instructions, if any, are necessary and proper. *Mobile Chemical Company v. Bell,* 517 S.W.2d 245 (Tex. 1974); *Huerta v. Hotel Dieu Hospital,* 636 S.W.2d 208 (Tex.Civ.App.—El Paso 1982, reversed on other grounds) 25 Tex.Sup.Ct.J. 475 (July 21, 1982).

■ In the case before us, the jury was considering whether or not the failure to warn exposed Billy Durbin to an unreasonable risk of harm. In answering that question, the jury was not aided by consideration of the costs and benefits of providing a warning. Furthermore, such instruction by implied exclusion limits the jury's evidentiary consideration solely to the costs and benefits of providing a warning. It was not necessary in order to enable the jury properly to pass upon and render their verdict on the special issue submitted to it. Absent a showing that the refusal to give the instruction amounted to such denial of plaintiff's rights as was reasonably calculated to cause and probably did cause rendition of an improper verdict, there can be no reversible error. Rule 434 Texas Rules of Civil Procedure. Also, no abuse of discretion has been shown. *Minchen v. Rogers,* 596 S.W.2d 179 (Tex.Civ.App.—Houston [1st Dist.] 1980 no writ).

The judgment of the trial court is affirmed.