**Kenneth Jdarell HARBOUR, Appellant,**

v.

**Alta Joyce COGBURN, Appellee.**

**No. 11–82–172–CV.**

Court of Appeals of Texas,
Eastland.

Feb. 10, 1983.

Rehearing Denied Feb. 24, 1983.

Richard D. Coan, Coan & Terrill, Stephenville, for appellant.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellee.

RALEIGH BROWN, Justice.

This is a suit for the dissolution of an alleged partnership and an accounting. Prior to the time this cause of action arose,

Alta Joyce Cogburn and Kenneth Jdarell Harbour lived together as husband and wife until their marriage was terminated by divorce in 1973. Subsequently, the parties cohabitated for approximately four years, both denying the existence of a common-law marriage. Cogburn brought suit, alleging the existence of a partnership between Harbour and herself during this period of cohabitation, wherein certain livestock and used cars were allegedly owned by the partnership. She sought dissolution of the partnership and an accounting. Plaintiff further sought recovery for the expenditure of her separate funds used in making valuable improvements to the house owned by defendant and jointly occupied by the parties. Plaintiff alleged these funds were expended in reliance on their partnership agreement.

In response to special issues, the jury found: (1) plaintiff expended her money on improvements to defendant's property in the amount of $3,500; (2) the parties agreed to jointly own the livestock acquired by them or either of them from 1974 to 1978; (3) the value of the livestock so acquired was $2,400. Issues regarding the used cars were resolved in favor of the defendant. The court granted judgment that the plaintiff recover $4,700, based on the jury's verdict. We reverse the judgment of the trial court and remand the cause.

Harbour initially urges that the trial court's judgment was in error as it was unsupported by the pleadings and jury findings. He contends that plaintiff's sole theory of recovery was based on partnership and that no special issue inquiring into the existence of a partnership was included within the charge of the court.

Before the charge was submitted to the jury, appellant objected to the trial court's failure to submit an issue regarding the existence of a partnership. The record fails to disclose an express ruling by the trial court on this objection. Appellant urges that this does not waive his complaint in light of Tex.R.Civ.P. 272 in its present form as amended in 1976.[1] Several cases decided after the 1976 amendment, without discussing same, have held otherwise. See *Williams v. Meyer*, 629 S.W.2d 257 (Tex.App.—Waco 1982, writ granted); *Hyder-Ingram Chevrolet, Inc. v. Kutach*, 612 S.W.2d 687 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Reliance Insurance Company v. Dahlstrom Corporation*, 568 S.W.2d 733 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

Appellant points out that those cases, although decided after the amendment of Rule 272, have relied exclusively on cases decided prior to its amendment, concerning the necessity for an expressed ruling on objections to the charge to preserve error. No cases construing present Rule 272 have been cited by appellant, nor have we discovered any, which discuss appellant's contention that an express ruling, either by oral announcement or written endorsement, is no longer required where the court's actual ruling is apparent from the record.

Two cases are now before the Supreme Court of Texas on writ of error concerning a point similar to that which appellant now urges before this court. These cases are *Montgomery Ward & Co. v. Hernandez* (Tex.App.—Corpus Christi 1982, writ granted, January 8, 1983) (not yet published) and *Williams v. Meyer*, 629 S.W.2d 257 (Tex.

1. Tex.R.Civ.P. 272:

The charge shall be in writing, signed by the judge, and filed with the clerk, and shall be a part of the record of the cause. It shall be submitted to the respective parties or their attorneys for their inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court in writing, or be dictated to the court reporter in the presence of the court and opposing counsel, before the charge is read to the jury. All objections not so presented shall be considered as waived. The judge shall an-nounce his rulings thereon before reading the charge to the jury and shall endorse his rulings on the objections if written or dictate same to the court reporter in the presence of counsel. Objections to the charge and the court's rulings thereon may be included as a part of any transcript or statement of facts on appeal and, when so included in either, shall constitute a sufficient bill of exception to the rulings of the court thereon. *It shall be presumed, unless otherwise noted in the record, that the party making such objections presented the same at the proper time and excepted to the ruling thereon.* (Emphasis ours)

App.—Waco 1982, writ granted November 20, 1982).

Appellant's argument that the 1976 amendments to Rule 272 have eliminated the necessity of securing the court's express ruling on objections to the charge relies principally on 3 McDonald, Texas Civil Practice, sec. 12.28 (1982 Cumulative Supplement) which states:

> The right to dictate objections to tne court reporter no longer requires consent of the court and opposing counsel. If the objections are in writing, the judge is to endorse his rulings on the objections, but if they are dictated, the judge is to dictate his rulings. The objections may be included either as a part of the transcript or of the statement of facts. *Since it is presumed that the objections were presented at the proper time and a ruling obtained at that time, the many problems experienced in protecting the record for appellate review under the old rule should be greatly diminished.* (Emphasis ours)

The critical language of Rule 272 is as follows: "It shall be presumed unless otherwise noted in the record, that the party making such objections presented the same at the proper time and excepted to the ruling thereon." This clearly creates a *presumption of timeliness* of objections and exceptions to the court's ruling, but it is unclear whether the existence of a ruling may be presumed as well. It is unnecessary for us to make such a determination because the error pointed out by appellant's objection was not corrected in the charge of the court before it was submitted to the jury.

■ Appellant cites us to the recent case of *Durbin v. American Manufacturing Company of Texas,* 643 S.W.2d 239 (Tex.App.— El Paso, 1982, no writ), in which the right to complain on appeal was not lost when the trial court simply "whited-out" a requested instruction. In construing preservation of error under Tex.R.Civ.P. 279, the court stated:

> From the record, it appears that the special issue number three and the requested instruction were submitted to the trial court and when the defendant objected to the special instruction, the judge simply whited out the instruction. The plaintiff made no further objection or complaint as to that action by the trial judge. The defendant argues that the plaintiff acquiesced in the action by the trial judge and waived any right to complain on appeal . . . The trial court has certified in the record of the motion for new trial that the instruction was presented to him in the form above set out. We hold that that is compliance with Rule 279 and the Plaintiff has not lost his right to complain on appeal.

Although *Durbin* does not deal directly with Rule 272 and does not expressly discuss the necessity of a ruling by the court, it deals with a situation analogous to that at bar wherein the ruling of the court is apparent from the record without reference to any express ruling by the court. The record in the instant case clearly shows that the court was present when appellant objected to the omission of partnership issues. When appellant concluded his objections to the court's charge, the record shows that the court inquired if counsel had anything further to say. After both counsel indicated they had nothing further, the court immediately adjourned until the next morning. The proceedings resumed the next morning and the charge was read to the jury. The omission of partnership issues pointed out by appellant's objection had not been corrected. The court chose not to remedy the omission in the charge, thus the record clearly shows that appellant's objection was timely presented and that the court refused to correct its charge. As did the court in *Durbin,* we have considered only the contents of the record in determining whether appellant clearly brought his objections to the court's attention and what, if any, action the court took in response. We hold that under this record, appellant has preserved his right to complain as to the omission of partnership issues from the court's charge.

We sustain appellant's first point of error. Concerning both the alleged cattle operations and the alleged improvements to defendant's property, there was no theory of recovery, other than partnership, supported by the pleadings and evidence to support the trial court's judgment. Appellee acknowledges in her brief that every ground of recovery in the pleadings has its basis in the alleged partnership. Before the charge was submitted to the jury, appellant brought the omission of any issue concerning partnership to the court's attention.

According to *Clarostat Mfg., Inc. v. Alcor Aviation, Inc.,* 544 S.W.2d 788 (Tex. Civ.App.—San Antonio 1976, writ ref'd n.r. e.):

> There can be no doubt that the failure of the trial court to submit issues which are necessary to accomplish a complete submission of an opponent's theory can be called to the court's attention properly by mere objection pointing out such omission. This necessarily follows from the express provisions of Rule 279.

A trial court cannot refuse to submit an issue merely because the evidence is insufficient to support a judgment based on the same. He may refuse to submit a requested issue if there is no evidence raising the issue. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Burke Wiley, Inc. v. Lenderman,* 545 S.W.2d 226 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

Appellant contends in a second point of error that the trial court erred in failing to grant his motion for instructed verdict, "in that as a matter of law, plaintiff had failed to meet her burden of proof under her pleadings, of the existence of a partnership."

In reviewing such a no evidence point, we consider only the evidence tending to support the finding, giving effect to all reasonable inferences that may properly be drawn therefrom, and disregarding all contrary or conflicting evidence. *Butler v. Hanson,* 455 S.W.2d 942 (Tex.1970); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

Both parties testified that they jointly owned the livestock acquired during the time period in question. Plaintiff testified as to the number of cattle owned and her opinion as to their value. As owner, the plaintiff was qualified to testify regarding the value of the livestock. *Conann Constructors, Inc. v. Muller,* 618 S.W.2d 564 (Tex.Civ.App.—Austin 1981, writ ref'd n.r. e.). Additional testimony was offered concerning plaintiff's contributions of money and labor toward the cattle operations and the improvements to defendant's house. Plaintiff further testified that the parties agreed that all property they acquired would be jointly owned. This testimony clearly raises an issue as to the existence of a partnership.

There being some evidence to support the partnership theory as pleaded by appellee, the trial court had a duty to submit the omitted ultimate or controlling issues essential to this theory of recovery. *Wichita Falls and Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79 (Tex.1940); *Perales v. Braslau's Furniture Company,* 493 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.).

Accordingly, the judgment of the trial court is reversed and the cause remanded.