### A98A1410. RICHARDSON v. CHESKY.
(508 SE2d 441)

ANDREWS, Chief Judge.

Harry Richardson appeals from denial of his motion for new trial after a jury returned a verdict in his and his wife's favor in their automobile accident case. Richardson seeks a new trial on the issue of damages, contending the trial court improperly charged the jury and that denial of his motion for new trial was error.

1. Viewed in favor of the jury's verdict, the evidence was that, on December 23, 1995, Mr. Richardson was driving his wife to lunch after church. He was headed west on Derenne Avenue in Savannah when he stopped at the red light at its intersection with Habersham Street. Derenne Avenue is a four-lane street with added turn lanes at this intersection. Both streets are straight and level, with no obstructions to sight near the intersection.

Richardson was going to turn left onto Habersham, and his was the second car in the left turn lane. Mrs. Richardson noticed that the turn arrow had turned green and told Mr. Richardson. As Mr. Richardson testified, "I just started off the car and turned to start turning the corner. . . . As I got into my turn and I come to the light I was looking to my left to see where I was going. . . . These are cars stopped [facing him on Derenne in the inside lane], so I figured everybody had come to a stop. And I didn't really look at the truck. . . . I never saw the pickup truck." Mr. Richardson had made it across the turn lane and the inside lane before he was struck in the curb lane by Chesky.

Coming from the east, Chesky's pickup was in the curb lane heading toward the intersection when he saw a car two- or three-car lengths ahead of him go through the yellow light, and he thought he could also make the intersection before the light turned red. Realizing he could not, Chesky hit his brakes, which did not function properly, and began skidding before reaching the crosswalk of the intersection. His truck left 18 feet of skid marks before striking the Richardson car in the passenger side door. Chesky said he saw the Richardson car in front of him as his truck skidded through the crosswalk with its brakes locked and there was nothing else he could do at that point to avoid the collision.

Mrs. Richardson suffered cuts, contusions, and broken ribs and, with medical bills of over $9,000, was awarded $34,604.45 in damages. Mr. Richardson was taken to the hospital with a head lacera-

tion and, at that time, made no complaint of any injury to his right shoulder. He was later operated on for a rotator cuff injury which he claimed was attributable to the accident. In addition to the emergency room physician's testimony that Mr. Richardson made no complaint of his shoulder the day of the wreck, Mr. Richardson's orthopedist Dr. Lorenzen testified that an injury such as that suffered by Mr. Richardson, who was in his 60s, could occur from wear and tear. Mr. Richardson's medical bills from the emergency room visit were around $2,000 and for surgical correction of his rotator cuff approximately $11,000. He was awarded $6,904.80.

2. Richardson complains in his enumerations 2, 3, and 5 of the court's instructing the jury on the issues of his negligence, comparative negligence, and avoidance of consequences,[1] contending there was no evidence of any negligence of Mr. Richardson.

In addition to the evidence set out above, Mr. Richardson acknowledged that, in making a left-hand turn across two westbound lanes, it would be a safe and reasonable driving practice to look for oncoming cars. Further, he testified that it was possible he could have stopped suddenly and avoided Chesky if he had looked toward the oncoming traffic and seen him approaching.

"It does not follow from the fact that a driver has the right-of-way at an intersection that he is thereby entitled 'to drive blindly or recklessly across (the) intersection, . . . without regard to the conditions and consequences.' [Cits.] '(E)ven if the (other) driver . . . is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right-of-way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care . . . to avoid a collision, after he sees *or by ordinary diligence could have seen* that one is threatened or imminent.' *Currey v. Claxton*, 123 Ga. App. 681, 682 (1) (182 SE2d 136) (1971). (Emphasis supplied.)" *Stroud v. Woodruff*, 183 Ga. App. 628, 629 (1) (359 SE2d 680) (1987). See also *Davis v. Hammock*, 123 Ga. App. 33, 35 (2) (179 SE2d 283) (1970).

There was sufficient evidence to merit the charges given. *Norman v. Williams*, 220 Ga. App. 367, 370-371 (4), (5) (469 SE2d 366) (1996); *Whatley v. Henry*, 65 Ga. App. 668, 673 (6) (16 SE2d 214) (1941).

3. Mr. Richardson also complains of the court's charge tracking

---

[1] See generally regarding these concepts *McEachern v. Muldovan*, 234 Ga. App. 152 (505 SE2d 495) (1998).

OCGA § 40-6-123, contending that, because he had a green turn arrow, that section was inapplicable.

That section provides, in subsection (a) that "[n]o person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Code Section 40-6-120 . . . or otherwise turn a vehicle from a direct course . . . unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate and timely signal. . . ."

OCGA § 40-6-120 (a) provides that in making a left turn a driver should use the extreme left turn lane available to traffic moving in his direction, and subsection (b) provides that officials may place traffic control signals at intersections and "thereby require and direct that a different course from that specified in this Code section be traveled by turning vehicles, and when such devices are so placed, no driver of a vehicle shall turn a vehicle other than as directed and required by such devices."

Distilled to its essence, Richardson's argument is that, when one is turning as directed by a traffic control device, he need not comply with any other rules of the road, such as signaling or maintaining a diligent lookout. We decline to accept such an interpretation of these two statutes. There was no error. See *Crouch v. Nicholson*, 116 Ga. App. 12, 15 (3) (156 SE2d 384) (1967).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 29, 1998.

*David Roberson*, for appellant.
*Beckmann & Pinson, Joseph H. Barrow, FitzGerald & Schultz, John K. FitzGerald*, for appellee.