C. E. HOWARD et al., Appellants,

v.

BOLIN WAREHOUSES, INC., Appellee.

No. 7864.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 5, 1967.

Rehearing Denied Dec. 27, 1967.

Harlan Harper, Jr., Fanning & Harper, Dallas (on appeal only), for appellants.

Lee Sellers, Prothro & Sellers, Wichita Falls, for appellee.

FANNING, Justice.

Bolin Warehouses, Inc., as plaintiff, sued C. E. Howard and other members of his family, including his wife, daughter and son-in-law, as defendants, for the recovery of indebtedness owed Bolin by Howard by reason of advances to Howard by Bolin for the purchase of grain and cottonseed during the 1964 crop year in the vicinity of Leonard, Texas, where Howard was in the grain business. Bolin Warehouses, Inc., appellee, was also engaged in the grain business at Wichita Falls and other cities and the financing by Bolin of Howard and the consequential obligations of Howard to Bolin arose pursuant to a written letter agreement between the parties dated July 10, 1964.

The joinder of the wife, daughter and son-in-law of Howard in the action was based upon allegations that certain conveyances of realty and/or gifts of personalty made to such parties by Howard had been in fraud of creditors and, accordingly, should be set aside.

Trial to a jury resulted in a verdict favorable to plaintiff and judgment was rendered in favor of plaintiff and against the defendant, C. E. Howard, in the amount of $64,039.50. In addition, such judgment set aside the conveyances and/or gifts to the other parties defendant and plaintiff was granted a writ of possession for such properties.

Defendants' First Amended Motion for New Trial was overruled and defendants-appellants have appealed.

Appellants, by their 8th, 9th, 10th, 11th, and 15th points, contend to the effect that there was no evidence and insufficient evidence to support the verdict of the jury, that such verdict was contrary to the great weight and preponderance of the evidence, etc., that the trial court erred in not directing a verdict for defendants upon the ground that plaintiff had failed to prove either of its causes of action, and that the court erred in entering judgment upon the jury's answer to special issue No. 1 in arriving at the figure therein because such amount or figure was incomprehensible in the face of the pleadings, evidence and other findings. Appellants, by their 14th point, contend that the trial court erred in failing to deduct the sum found by the jury under special issues 13 and 14 from the sum found by the jury in response to special issue 1. Appellants, by their 16th point, contend to the effect that the trial court erred in failing to give effect to the jury's answer to issue 8 to the effect that the contract in suit was usurious.

The jury in response to special issues submitted found to the effect: (1) The amount of money due and owing to Bolin by C. E. Howard, after the allowance of credit for all payments made by him and sales of cottonseed and corn made by Bolin was $64,039.50; (2), (3), (4), (5), (6) & (7), that the listed conveyances and gifts in question from C. E. Howard to his daughter and son-in-law, defendants, were made with the intent to defraud the creditors of C. E. Howard, and that at the times of said conveyances and gifts, defendant C. E. Howard was not possessed of property, within this state and subject to execution, sufficient to pay his then existing debts; (8) that the agreement between defendant C. E. Howard and plaintiff Bolin provided, either directly or indirectly, for interest in excess of 10% per annum; (9) that J. D. Farrier did not remove any grain belonging to defendant C. E. Howard from a Trenton warehouse without the knowledge and consent of defendant C. E. Howard, in December, 1964, and January, 1965; issues 10, 11 and 12 were not answered by reason of the jury's negative answer to issue 9; (13) that the fair market values in Fannin County, Texas, of cottonseed removed by plaintiff Bolin to Wichita Falls, Texas, at the time of removal was $8,086.36, and (14) that such value of ear corn removed by Bolin to Wichita Falls, Texas, at the time of removal was $4,208.33.

The letter contract of July 10, 1964, between plaintiff Bolin and defendant C. E. Howard, is found below.[1] Under this con-

---

1.　　　　"BOLIN WAREHOUSES
MAILING ADDRESS: 1120 OIL & GAS BLDG., WICHITA FALLS, TEXAS
July 10, 1964

Mr. C. E. Howard,
Leonard,
Texas

Dear Sir:

Pursuant to our conversation of this date concerning your operations in the grain business at Leonard, Texas, we submit the following proposition concerning your operation as related to ours.

Knowing that you desire to buy rough grains in connection with your feed business or direct sale and knowing that you desire to purchase grain during season and hold it for the above uses, we agree with you that we will buy such grain as you desire to purchase and hold at the price you pay for it provided said price has been approved by us in advance.

As grain is purchased by you, we will pay for it. Then when this grain is re-sold or used by you, you will re-pay us the price which you paid plus ten (10¢) cents per cwt. on milo and ten (10¢) cents per bushel on other rough grains. Further, you will pay six (6%) percent per annum for the money that is used in this transaction.

You will issue bonded warehouse receipts to us for such grain as purchased complying with all regulations. In addition, you will keep the grain fully insured against all insurable contingencies. It is admitted that it may be necessary for you to buy milo which is too wet to store in which event you are privileged to re-sell without obligation to us provided we have not financed the purchase of said milo.

If you find this is agreeable with you, please accept and return a copy of this letter. With best wishes, we are

Yours very truly,
BOLIN WAREHOUSES, INC.
　　　/s/ D. H. Bolin
D. H. Bolin

Accepted this 21 day of July, 1964
/s/ C. E. Howard."

tract Bolin was to advance to Howard money for the purchase of grain. Such money was to be repaid when the grain was sold, together with 6% interest, and the plaintiff was to receive as its share of the profit therefrom 10¢ per hundred-weight or bushel.

It was undisputed that pursuant to such agreement plaintiff advanced $105,105.53 to defendant C. E. Howard. Defendant C. E. Howard admitted that only $52,286.84 there-of was repaid. It was also undisputed in the evidence that none of the grain sup-posedly purchased by defendant C. E. How-ard was on hand in the possession of How-ard at the time of the trial.

■ Plaintiff's exhibit 2 was a compila-tion made by plaintiff's office manager accountant reflecting the advances to the defendant, with interest charged therefor from the date of such advances and credit-ing all repayments made by Howard. Ac-cording to this statement of the account, which was not challenged to much extent by Howard, and which was not demon-strated to be incorrect by the defendant C. E. Howard, the sum of $68,448.69 was owed the plaintiff by the defendant as of the date of trial, after allowing all proper payments and legal offsets. This testimony would have supported a jury verdict in the amount of $68,448.69. The jury in response to issue 1 found the amount due and owing to Bolin by C. E. Howard, (after allowing credit for all payments made by Howard and credit for sales of cottonseed and corn made by Bolin) was $64,039.50. We find that there was ample evidence of probative force to support the jury's finding to special issue No. 1, that the evidence to support such finding was sufficient and that the jury's finding to special issue No. 1 was not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We also hold that there was ample evidence to support the jury's findings to special issues 2, 3, 4, 5, 6 and 7, that the same was sufficient, and that such findings were not

so contrary to the great weight and pre-ponderance of the evidence as to be clearly wrong and manifestly unjust. Appellants' points 8, 9, 10, 11 and 15 are overruled.

■ We also hold that the trial court did not err in failing to deduct the sums found by the jury in response to special issues 13 and 14 from the amount of the judgment rendered by the trial court. Ap-pellants in their brief do not adequately set out the facts with respect to the com-plaints they make of the answers of the jury to special issues 13 and 14 as raised by their 14th point of error. However, the facts are briefly as follows: Plaintiff's witness, Hamilton, testified that a quantity of cottonseed and corn was moved from defendant's place of business in Leonard, Texas, to plaintiff's warehouse in Wichita Falls. The weight tickets of these loads of cottonseed were introduced and the dates of delivery shown. Hamilton testified that a portion of the cottonseed was sold (credit was given on C. E. Howard's account for the cottonseed sold) and the balance which was not sold was still on hand in plaintiff's warehouse. No weight tickets were avail-able for the three loads of corn so moved but a portion thereof had been sold (and C. E. Howard was given credit on his account for the corn sold) and the balance of such corn not sold was on hand in plaintiff's warehouse. It was undisputed that appellant C. E. Howard was given credit on his account for the cottonseed and corn sold by plaintiff. Defendant C. E. Howard also testified that the said above referred to cottonseed and corn had been removed from his premises to Bolin's ware-house in Wichita Falls with his permission, that he, Howard, furnished not only the equipment but the labor to load the cotton-seed and corn for delivery to Wichita Falls but that he had not been to Wichita Falls since the moving to check upon such commodities and had never made inquiry as to the condition of such commodities or of their disposition. C. E. Howard further testified that the commodities had

been removed because of a belief of plaintiff's employee that they could be better sold from Wichita Falls.

Nowhere did defendant C. E. Howard ever testify or claim that these removed commodities were ever purchased by the plaintiff from him or that there was any agreement of any kind to pay or reimburse him therefor. It was agreed by all parties that such removed commodities were removed because the cottonseed in particular was deteriorating, having gotten wet from being stored in the open by Howard under adverse weather conditions, and if not removed, would have shortly been completely worthless.

While the jury in response to issues 13 and 14 found the market values of the cottonseed and corn at the time of removal to Wichita Falls were $8,086.36 and $4,208.33, respectively, the court made no further inquiry with respect to such matters, no issue was submitted as to whether such cottonseed and corn was sold to plaintiff by defendant C. E. Howard, no issue was submitted as to whether there was any agreement to pay defendant C. E. Howard the reasonable value or any other price for such cottonseed and corn, no issue was submitted as to whether such cottonseed and corn was converted by plaintiff, and if so, its value as of the date of conversion. Issues 13 and 14 were only evidentiary issues and were not ultimate issues and could not alone form the basis of any judgment for the defendant C. E. Howard. Also issues 13 and 14 do not take into consideration the sales of a portion of the removed cottonseed and corn for which defendant C. E. Howard was given full credit, and such issues did not take into consideration the undisputed testimony that a portion of such cottonseed in a deteriorated state (by reason of being exposed to wet weather while stored in the open by Howard at Leonard, Texas) was removed to Bolin's Warehouse in Wichita Falls along with a small amount of corn with the help and consent of defendant C. E. Howard, and

that such deteriorated cottonseed and corn were still on hand and presumably of some value, and still belonged to C. E. Howard, there being no evidence or finding that Bolin purchased or converted such commodities from C. E. Howard. Lacking both evidence and favorable findings on ultimate issues C. E. Howard was not entitled to any judgment against Bolin on the jury's answers to evidentiary issues 13 and 14. Appellant's 14th point is therefore overruled.

Appellants by their 6th, 7th, 12th, 13th and 15th points complain of the overruling by the trial court of various objections and exceptions to the court's charge. Defendants' objections and exceptions to the court's charge are shown in the transcript and bear a file mark after the date of the overruling of defendant's first amended motion for new trial. There is no written endorsement by the trial court attached to or made a part of defendants' objections and exceptions to the court charge, which shows that such objections were timely presented to and ruled upon by the trial judge, as required by Rule 272, Texas Rules of Civil Procedure. Since there was no such endorsement as required by Rule 272, Tex.R.Civ.P., appearing or attached to defendants' objections and exceptions to the court's charge, such alleged points of error do not present any matters properly preserved for review by this court. See the following authorities: Rule 272, Tex.R.Civ.P.; Uehlinger v. State, Tex.Civ.App., 387 S.W.2d 427, wr. ref., n. r. e. (1965); Grabes v. Reinhard Bohle Machine Tools, Inc., Tex.Civ.App., 381 S.W.2d 395, wr. ref., n. r. e. (1964). Furthermore it also appears that some of the complaints against the charge were not set forth in defendants' first amended motion for new trial and under Rules 320 and 374, Tex.R.Civ.P., such matters can not now be considered and must be deemed as waived. However, lacking the trial court's endorsement required by Rule 272, Tex.R.Civ.P., we can not consider appel-

lants' points 6, 7, 12, 13 and 15. However, we have examined said points 6, 7, 12, 13 and 15 and find them to be without merit and as not presenting error under the record in this case. Appellants' points 6, 7, 12, 13 and 15 are overruled.

■ Special issue 8 inquiring of the jury as to whether the written agreement in question between the parties provided "either directly or indirectly" for interest in excess of 10% per annum, was answered in the affirmative by the jury. However, no other issue in connection with any question as to usury was submitted to the jury. It is obvious that issue 8 was evidentiary only and was not an ultimate issue. Whether or not the contract provided for usurious interest might be an element of a defense of usury but in order to found a judgment on usury, it would have been necessary to go further and determine whether interest in excess of the lawful rate was charged and/or received by the plaintiff from the defendant, and if so, the amount thereof. Also the written agreement on its face does not disclose usury and the intent of the parties to the contract would be of controlling importance. Without the full and necessary findings on the above matters, no judgment could have been rendered on the defense of usury and the trial court properly ignored the jury's finding to special issue No. 8 in rendering its judgment. Furthermore, we think the record shows that there was no evidence of probative force to support any judgment for plaintiff on the alleged defense of usury in any amount. Appellants' 16th point is deemed to be without merit and is overruled.

Appellants by their 1st, 2nd, 3rd, 4th and 5th points contend to the effect that the trial court erred in refusing to admit and consider the "second affidavit" of S. D. Hansley and the affidavits of Lebon King and Arvil E. Wilson, at the hearing upon defendant's first amended motion for new trial, that the trial court erred in refusing to consider the affidavit and testimony of

juror Walker at such above referred to hearing, and that the trial court erred in refusing to grant defendant's motion for continuance of the hearing of defendant's first amended motion for new trial.

■ Defendant's original motion for new trial was filed on March 27, 1967, which was prior to the rendition, signing and entry of judgment on April 4, 1967. Under Rule 306c, Tex.R.Civ.P., this original motion for new trial must be considered as filed as of April 4, 1967, immediately after the entry, signing and rendition of judgment on April 4, 1967. Rule 329b, Tex.R.Civ.P., makes definite and certain the defendants' rights and duties with respect to an amended motion for new trial. Under said Rule 329b, the amended motion for new trial must be filed within 20 days of the filing of the original motion and not more than one amended motion for new trial may be filed. Also the time period so specified can not be enlarged. A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952).

Only one amended motion for new trial was filed by the defendants within said above referred to 20 day period, and attached to it was the first affidavit of S. D. Hansley. The affidavits of Lebon King, Arvil Wilson and Harold Walker were filed after the 20 day period above referred to and in fact were originally attached to defendants' so called second amended motion for new trial, filed after the expiration of the 20 day period above referred to. It follows that there was no proper motion for new trial before the trial court with respect to the affidavits of the witnesses King, Wilson and the juror Walker and neither their testimony nor affidavits could properly be considered by the trial court, and the trial court correctly refused to consider same. Rule 320, Tex.R.Civ.P.

■ This leaves only the testimony of the witness S. D. Hansley adduced on the hearing upon defendants' first amended motion for new trial. The credibility of the

witness Hansley was for the trial judge and he evidently did not believe Hansley's new testimony contradicting to some extent his testimony adduced upon the trial upon the merits. This was a matter clearly within the province of the trial court. We find no abuse of discretion on the part of the trial court in not granting a new trial on the basis of the new and contradicting testimony of Hansley.

 We also hold the trial court did not err in refusing to admit and consider the late filed affidavit and testimony of juror Walker at the hearing upon defendants' motion for new trial. Zamora et al. v. Zamora, Tex.Civ.App., 260 S.W.2d 604, writ refused (1953). Also in this connection see Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642, which would prevent the sort of testimony sought to be offered by the juror Walker, wherein it was stated by the Supreme Court in part as follows:

"The trial court allowed each juror to testify that the matters of misconduct above detailed did not affect his verdict. This character of testimony is utterly without force or effect one way or the other in passing on the question of jury misconduct. (Citing cases) *It is never permissible to allow a juror to either preserve or destroy his verdict by testifying to the mental processes by which he reached the same.* (Citing cases)." (Emphasis supplied)

We also hold that under the record in this case the trial court did not err in refusing to grant defendants' motion for continuance of the hearing of defendants' first amended motion for new trial and that such contention is without merit.

Appellants' 1st, 2nd, 3rd, 4th and 5th points are overruled.

The judgment of the trial court is affirmed.