**HYDER–INGRAM CHEVROLET, INC., Appellant,**

v.

**Kyle KUTACH, Appellee.**

No. A2524.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1981.

Don R. Redd, Huntsville, for appellant.

Richard Jauma, Huntsville, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a judgment for the plaintiff in a suit brought under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41 *et seq.* prior to the 1979 amendments. Appellee Kutach brought suit after appellant refused to return his car on which repair work had been performed in excess of that authorized and for which Kutach refused to pay. Hyder-Ingram's failure to obtain authorization to perform repairs costing in excess of the $450.00 previously authorized was found by the jury to constitute a false, misleading or deceptive act or practice. They found actual damages in the amount of $1,500.00 and attorneys' fees of $2,000.00. The trial court trebled the damages and awarded judgment for $6,500.00. We affirm.

Hyder-Ingram brings six points of error. Its first and fourth points complain of special issues one through four which were submitted to the jury, answered in the affirmative and which find the following:

1. that Hyder-Ingram quoted Kutach an estimate of $400.00 to $450.00 in connection with the necessary repairs;

2. that Hyder-Ingram failed to disclose to Kutach that the labor and materials necessary to repair his auto would cost more than $450.00;

3. that Hyder-Ingram failed to obtain Kutach's authorization to perform repairs costing in excess of $450; and

4. that failure to obtain such an authorization constituted a false, misleading or deceptive act or practice.

He complains that special issues one through four were not supported by the pleadings and that there was insufficient evidence to support the finding that appellant's conduct constituted a false, misleading or deceptive act. While we disagree with appellant on both points, we need not reach either of them for the reason that appellant failed to preserve these points for review. Although he objected to special issues one through four on numerous grounds, including those raised here, he failed to get a ruling from the court on his objections, thereby waiving them. Tex.R. Civ.P. 272; *Permian Corporation v. Trumbull Asphalt Co. of Del.*, 472 S.W.2d 555 (Tex.Civ.App.—Corpus Christi 1971, no writ).

■ In his third point appellant contends the answers to special issues one through four do not support the judgment in that no issue was submitted as to the existence of wrongful intent on the part of appellant. Proof of intent is not required to establish an unlisted violation under § 17.46(b) of the act. *Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex.1980). Appellant's third point is overruled.

■ Appellant's second point of error raises the constitutional issue involved in *Pennington v. Singleton, supra.* Appellant challenges the application of treble damages for unlisted violations as being unconstitutional unless there is a finding that the act was "intentional." The court in *Pennington* clearly overruled this contention. However, we need not pass on this point; the unconstitutionality of a statute being an affirmative defense, it is waived if not pleaded at trial. *State v. Scott*, 460 S.W.2d 103, 107 (Tex.1970), *cert. denied*, 402 U.S. 1012, 91 S.Ct. 2188, 29 L.Ed.2d 435 (1971); *Houston Chronicle Pub. Co. v. City of Houston*, 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.). Appellant failed to raise this issue at trial. It is overruled.

■ Appellant's fifth point challenges the sufficiency of the evidence supporting the jury's finding of appellee's damages in the amount of $1,500.00. Among other items of his expenses incurred, Kutach testified that the difference between the estimated cost of repairs and the actual charges for the repairs performed was $641.82 and the cost of a rental car was $175.00 per month. He was without transportation for approximately five months until he purchased a replacement automobile. The Act permits the adversely-affected plaintiff to recover the greatest amount of "actual damages" he has alleged and established by proof to be factually caused by the defendant's conduct, allowing recovery for his actual pecuniary loss including related reasonable and necessary expenses. *Woo v. Great Southwestern Acceptance Corp.*, 565 S.W.2d 290 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.). We find the car rental expense to be a reasonable and necessary expense under these facts. The total of these two expenses ($175.00 for five months, or $875.00, plus $641.82) fully substantiates the jury's finding of $1,500.00 in actual damages. Appellant's fifth point is overruled.

■ Finally, appellant alleges error in permitting introduction into evidence of the purchase price of Kutach's replacement automobile. We agree that such evidence is not relevant to a determination of Kutach's damages, and it was error to admit it. However, unless admission of the evidence is shown to have amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case the error is harmless under Tex.R.Civ.P. 434. Because we have found ample support in the record for the amount of damages found by the jury, we find the court's failure to exclude the testimony to be harmless error.

The judgment of the trial court is affirmed.