**MONTGOMERY WARD & CO., Appellant,**

v.

**Olivia HERNANDEZ, Appellee.**

No. 1940cv.

Court of Appeals of Texas, Corpus Christi.

June 17, 1982.

Rehearing Denied Aug. 26, 1982.

Second Motion for Rehearing Denied Sept. 16, 1982.

H.H. Rankin, Jr., Rankin & Kern, Inc., McAllen, for appellant.

A.A. Munoz, II, Flores, Sanchez, Vidaurri, Munoz & Guerra, McAllen, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

Appellee Olivia Hernandez filed suit against appellant Montgomery Ward & Co. alleging that she had been falsely imprisoned by appellant's employees and sought actual and exemplary damages. Appellant alleged that its employees had reasonable grounds to hold appellee, and therefore, the detention of appellee was legal and lawful. The jury's verdict was favorable to appellee.

The record indicates that appellee was shopping in appellant's store in Pharr, Texas, on August 26, 1978, at which time she made a credit card purchase. Through some mixup on the part of appellant, appellee was given the credit card of Gloria Longoria and Gloria Longoria was given appellee's card. Gloria Longoria noticed the switch in the cards when she subsequently went to the shoe department and reported the switch to one of the appellant's clerks, Cynthia Hernandez. Ms. Hernandez took the card from Gloria Longoria and paged appellee on the intercom system but got no response. Appellee continued home unaware that she had the credit card of Gloria Longoria and not her own. Gloria Longoria neither reported the credit card lost or stolen because appellant advised her that they would take care of the matter. Appellant thereafter entered a code (that such card was lost or stolen) which scheduled their computerized cash register so that it would read "005" anytime that the Longoria credit card was used. "005" was appellant's code that the credit card being used was either lost or stolen.

When appellee returned to buy some infant wear three weeks later on September 16, 1978, she gave the clerk, the same Cynthia Hernandez, the credit card in her possession for the purchase. The use of the card produced a "005" register code and Ms. Hernandez called the security guard, Adolfo Reyes, who escorted appellee to the security office. Reyes refused to show appellee the card which she had used and appellee insisted adamantly that the card was in fact hers. Reyes refused to let appellee leave the office or call her husband. He proceeded to call the Pharr police department who came down to the store. In the time between the detention of appellee by Reyes and the arrival of the police, appellee's sister called appellee's husband and told him that he had better come down to appellant's store. When the police arrived, appellee was visibly upset and crying and they agreed to wait for appellee's husband to arrive. When appellee's husband arrived, the police escorted appellee out of the store, appellee and her husband followed the squad car to the Pharr Police Station where appellee was charged with the offense of credit card abuse. Appellee was then released. The entire episode took about an hour and a half. The charges filed on appellee were subsequently dropped when the error was discovered.

Appellee testified at trial that she was nervous, embarrassed and cried during the incident and felt humiliated. She also testified that she still felt nervous and embarrassed but had not been to see a doctor about it. She had incurred no medical expenses and had lost no income. The jury found that appellee had suffered actual damages in the sum of $60,000.00. The jury also found that appellant had acted "in heedless and reckless disregard" of the rights of appellee and so also assessed a sum of $25,000.00 in exemplary damages against appellant.

■ The tort of false imprisonment is comprised of three elements. There must be a showing that 1) there was a willful detention of a person, 2) against the consent of the parties detained and 3) that such detention was without authority of law. *Moore's, Inc. v. Garcia,* 604 S.W.2d 261 (Tex.

Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), *Sanchez v. Garza,* 581 S.W.2d 258 (Tex.Civ.App.—Corpus Christi 1979, no writ). The third element, i.e., that such detention was without authority of law, is highly disputed between the appellant and appellee. Appellant's testimony attempts to show that there was evidence to the effect that appellant's agents had reasonable grounds to believe that the credit card was stolen. Appellee contends that appellant should have known that the credit card was not lost or stolen but merely misplaced or inadvertently given to appellee. Thus the detaining of appellee, whether lawful or unlawful, becomes a fact question to be resolved by the jury. *Citizens Hotel Co. v. Foley,* 131 S.W.2d 402 (Tex.Civ.App.—Ft. Worth 1939, writ dism'd judgmt. cor.). *Wright v. Kroeger Corporation,* 422 F.2d 176 (5th Cir.1970).

■ Appellant in three points of error contends that the trial court improperly submitted the case to the jury. The case was submitted to the jury on three special issues. Special issues 2 and 3 dealt only with the existence of exemplary damages. Special issue No. 1 read as follows:

SPECIAL ISSUE NO. 1: What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate Olivia Hernandez for damages directly resulting from the false imprisonment, if any, on the occasion in question?

In considering the amount of damages, you may consider mental and bodily suffering, humiliation, shame and fright. Answer: _____

The definition on false imprisonment accompanying special issue No. 1 was as follows:

"FALSE IMPRISONMENT" is the willful detention of a person without legal justification and without the consent of the person detained, whether such detention be effected by violence or by threats or by any other means which restrain a person from moving from one place to another.

When a person points out another as the perpetrator of a crime and requests or directs police officers to arrest him, the person making the request or the direction is liable for subsequent false imprisonment even though acted in good faith.

The appellant objected to this special issue on the ground that it commented on the weight of the evidence and submitted two other special issues together with an instruction to the court to replace the issue actually submitted. The requested special issues and instruction were denied and the case was submitted to the jury on the special issue set out above with the accompanying instructions. Where a party distinctly points out the matter to which he is objecting in a special issue as well as the grounds of objection, error is preserved for this Court's review. *Parker v. Keyser,* 540 S.W.2d 827 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Otto Vehle & Reserve Law Officers Assoc. v. Brenner,* 590 S.W.2d 147 (Tex.Civ.App.—San Antonio 1979, no writ).

■ The 1973 amendments to Rule 277 T.R.C.P. permits broader submission of special issues, *See Texas Gen. Indem. Co. v. Villanueva,* 619 S.W.2d 15 (Tex.Civ.App.—Corpus Christi 1981, no writ); *State v. Norris,* 550 S.W.2d 386 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.): Pope and Lowerre, *The State of the Special Verdict—1979,* 11 St. Mary's L.J. 1 (1979). The vice in the submission of Special Issue No. 1 in this case is twofold. First, the testimony in the case raised a fact issue as to whether or not the appellant detained appellee without authority of law. There was no independent finding by the jury or opportunity for the jury to find whether or not the appellee was falsely imprisoned. The fact issue as to liability should have been submitted to the jury. *Moore's Inc. v. Garcia, supra; Skillern & Sons, Inc. v. Stewart,* 379 S.W.2d 687 (Tex.Civ.App.—Ft. Worth 1964, writ ref'd n.r.e.); *Wright v. Kroeger Corporation, supra.*

■ Secondly, there is nothing in Rule 277 T.R.C.P. which permits a trial court to submit an issue in such an overbroad fash-

ion as to comment on the weight of the evidence. *See* Rule 277 T.R.C.P. 3 R. McDonald, Texas Civil Practice § 12.03.2 (rev. 1970). The jury, issue as submitted, assumed the controverted fact of false imprisonment. This assumption constituted an impermissible comment on the weight of the evidence. *General Motors Corp. v. Bryant,* 582 S.W.2d 521 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *See Capital Title Co. v. Mahone,* 619 S.W.2d 204 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Otto Vehle & Reserve Law Officers Assoc. v. Brenner, supra.*

█ While a trial court is accorded great latitude in special issue submission by Rule 277, if there is a clear abuse of discretion the special issues submitted are subject to review. *DeAnda v. Home Ins. Co.,* 618 S.W.2d 529 (Tex.1980). The defective submission requires that the judgment be REVERSED and the cause REMANDED for a new trial.

## OPINION ON MOTION FOR REHEARING

Appellee Hernandez complains in her motion for rehearing that this Court erred in holding Special Issue No. One was defective and required a reversal of the cause. Appellee argues that appellant's failure to obtain a ruling on its objection to Special Issue No. One waived its right to complain on appeal. Citing *Reliance Ins. Co. v. Dahlstrom Corp.,* 568 S.W.2d 733 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). Appellee also asserts that appellant's tendered special issues were not adequate because a request for special issues cannot take the place of objections to the submission of special issues given in the charge. Citing *Lyles v. Texas Employers Insurance Association,* 405 S.W.2d 725 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.).

█ The proper method of complaint when a particular issue included in the charge is defective is by objection. *Vela v. Alice Specialty Co.,* 607 S.W.2d 289 (Tex. Civ.App.—Tyler 1980, no writ). *Lyles v. Texas Employers Insurance Association,* supra. A complaint of a defective issue is waived unless specifically included in an objection which points out distinctly the matter objected to and the ground of objection, Rule 274, T.R.C.P.; *Davis v. Campbell,* 572 S.W.2d 660 (Tex.1978). A request to submit a different issue than that proposed by the trial court cannot be considered as an objection pointing out distinctly the matter to which a litigant objects and the ground of his objection. *Schutz v. Southern Union Gas Company,* 617 S.W.2d 299 (Tex. Civ.App.—Tyler 1981, no writ).

█ Under the facts in the present case, there is (1) an objection; (2) tendered requested issues; and (3) written denial of the tendered issues. The objection given to the charge specifically pointed out the defect to the court in that appellant's counsel stated:

"... because Special Issue Number One is a comment on the weight of the evidence....

\* \* \* \* \* \*

... in that it states that that would reasonably compensate the Plaintiff for damages resulting from false imprisonment, thereby already assuming and advising the jury that false imprisonment had already occurred in the eyes, of the mind of the Court. Therefore, we object to that and submit that that should be submitted in two Special Issues: One, do you find that there was false imprisonment, and then a Damage Issue."

In the case at bar, appellant did what was procedurally required of it; it objected. This objection specifically pointed out to the court the complained-of defect. Immediately afterward, the trial court, both orally and in writing, denied the two tendered requested issues which would have corrected the defect. We hold that appellant properly objected to Special Issue No. One on the grounds set forth and tendered two separate requested special issues in support of its position which were refused. See: *Otto Vehle v. Brenner,* 590 S.W.2d 147 (Tex. Civ.App.—San Antonio 1979, no writ). Appellee's motion for rehearing is overruled.