Olivia **HERNANDEZ**, Petitioner,

v.

**MONTGOMERY WARD & CO.,**
Respondent.

No. C–1660.

Supreme Court of Texas.

May 11, 1983.

Rehearing Denied June 15, 1983.

Flores, Sanchez, Vidaurri, Munoz and Guerra, R.A. Vidaurri, McAllen, for petitioner.

Rankin & Kern, H.H. Rankin, II, McAllen, for respondent.

RAY, Justice.

This is a false imprisonment case instituted by Olivia Hernandez against Montgomery Ward & Co. Based on the jury's verdict, the trial court rendered judgment for Mrs. Hernandez for $85,000. The court of appeals reversed and remanded the cause for trial, holding that the submitted special issue was an impermissible comment on the weight of the evidence. 644 S.W.2d 758. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Mrs. Hernandez was shopping in the Ward store in Pharr, Texas, at which time she made a credit card purchase. Through

some mix-up on the part of one of Ward's employees, Mrs. Hernandez was given the credit card of Gloria Longoria and Gloria Longoria was given Mrs. Hernandez' card. Ms. Longoria noticed the switch in the cards immediately and reported the problem to one of the store clerks. The clerk paged Mrs. Hernandez on the intercom system, but received no response. Ward then entered a "005" code on its computerized cash register. This code indicates that the credit card was reported either lost or stolen.

Some three weeks later, Mrs. Hernandez returned to the store unaware that she had Ms. Longoria's credit card. She gave the card to the same clerk who was originally responsible for the mix-up. The use of Ms. Longoria's card produced the "005" code on the cash register. The clerk then called the security guard who escorted Mrs. Hernandez through the store to Ward's security office. The police were called and Mrs. Hernandez was taken to the police station and charged with the offense of credit card abuse. The charges were eventually dropped when the error was discovered.

The case was submitted to the jury on three special issues. Special Issues Nos. 2 and 3 dealt only with the existence of exemplary damages. Special Issue No. 1 read as follows:

> SPECIAL ISSUE NO. 1: What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate Olivia Hernandez for damages directly resulting from the false imprisonment, if any, on the occasion in question?
>
> In considering the amount of damages, you may consider mental and bodily suffering, humiliation, shame and fright. Answer: _____

The definition of false imprisonment accompanying special issue No. 1 was as follows:

> "FALSE IMPRISONMENT" is the willful detention of a person without legal justification and without the consent of the person detained, whether such detention be effected by violence or by threats or by any other means which restrain a person from moving from one place to another.
>
> When a person points out another as the perpetrator of a crime and requests or directs police officers to arrest him, the person making the request or the direction is liable for subsequent false imprisonment even though he acted in good faith.

Ward objected to the submission of this special issue on the ground that it was a comment on the weight of the evidence by the court and submitted two separate special issues on liability and damages which were denied. The court of appeals determined the damage issue should not have been submitted because there was no independent finding of liability. The court of appeals further ruled the special issue a comment by the court on the weight of the evidence.

■ The sole issue presented for review is whether Ward's objection to the submission of Special Issue No. 1 was properly preserved for appellate review since the trial court failed to make an express ruling on the objection. We hold any error in the submission was not properly preserved.

■ The proper method of complaint when a particular issue included in the charge is defective is by objection. *Lyles v. Texas Employers' Insurance Association,* 405 S.W.2d 725 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.). The objection must specifically point out the matter complained of and the ground of the objection; otherwise the complaint is waived. *Davis v. Campbell,* 572 S.W.2d 660 (Tex.1978); Tex.R. Civ.P. 274. Ward's attorney dictated to the court reporter an objection which specifically pointed out the complained of defect and tendered its requested special issues. The trial judge wrote "denied" on Ward's tendered issues; however, he did not rule on the objection.

Rule 272 provides that the judge shall announce his rulings on objections before reading the charge to the jury by endorsing his rulings on the objections if written or by dictating the same to the court reporter in

the presence of counsel if oral.[1] Tex.R. Civ.P. 272. The record does not reflect any ruling by the trial court on Ward's objection; therefore, the requisites of Rule 272 have not been complied with and there is no basis for appellate review. *Lone Star Steel Co. v. Wahl,* 636 S.W.2d 217 (Tex.App.—Texarkana 1982, no writ); *Texas Employers' Insurance Association v. Clapper,* 605 S.W.2d 938 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Reliance Insurance Co. v. Dahlstrom Corporation,* 568 S.W.2d 733 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.)

 Ward argues that from reading the entire discussion between the attorneys and the trial judge concerning the charge, it is obvious the entire complaint was denied. We disagree. Objections to the charge and requests for submission of issues are not alternatively permissible methods of complaining of the charge. *Texas Employers' Insurance Association v. Jones,* 393 S.W.2d 305 (Tex.1965). A request for another charge is not a substitute for an objection. *Id.* When a defectively framed special issue is contained in the court's proposed charge, the tender of a correct issue does not preserve error. *See Clarostat Mfg., Inc. v. Alcor Aviation, Inc.,* 544 S.W.2d 788 (Tex. Civ.App.—San Antonio 1976, writ ref'd n.r. e.).

 By obtaining the judge's endorsement on the requested issues, Ward has preserved any complaint solely as to the court's error, if any, in failing to submit the issues. When Ward objected to the issue, the trial judge responded, "All right." The attorney continued in his explanation of the objection, with the judge answering, "Yes." Ward then proceeded to submit its requested issues which were endorsed as "Denied."

Error was held not to be preserved when a judge responded, "I'll let you know at 1:15." *Williams v. Meyers,* 629 S.W.2d 257 (Tex. App.—Waco 1982, writ dism'd by agr.). The responses of the trial judge in this case did not constitute a ruling in compliance with Rule 272, and therefore, any error the court made in submitting the issue was waived. Accordingly, the court of appeals erred in reversing the judgment of the trial court.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

ROBERTSON, J., concurred with an opinion.

KILGARLIN, J., dissented with an opinion in which POPE, C.J., and SPEARS, J., joined.

ROBERTSON, Justice, concurring.

I concur in the result of the majority but disagree that the objection to special issue No. 1 was not properly preserved. However, in any event I am of the opinion that the issue as submitted was correct and consistent with Rule 277, Tex.R.Civ.P. in the context of this case.

KILGARLIN, Justice, dissenting.

I respectfully dissent.

I would affirm the court of appeals' holding that Montgomery Ward's objection to special issue number one was preserved. However, I believe that special issue number one, as submitted, was correct and the court of appeals should not have reversed on this ground. Unfortunately, Ms. Hernandez failed to assign this part of the court of appeals' decision as error. Had she

1. The pertinent part of Rule 272 is as follows:
 The charge shall be in writing, signed by the judge, and filed with the clerk, and shall be a part of the record of the cause. It shall be submitted to the respective parties or their attorneys for their inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court in writing, or be dictated to the court reporter in the presence of the court and opposing counsel, before the charge is read to the jury. All objections not so presented shall be considered as waived. The judge shall announce his rulings thereon before reading the charge to the jury and shall endorse his rulings on the objections if written or dictate same to the court reporter in the presence of counsel.

preserved error on this point, I would concur with the result reached by the majority.

The history of Rule 272 of the Texas Rules of Civil Procedure, evidences periodic liberalizing changes. Prior to 1941 the rule provided that objections to the charge must be in writing. If the judge overruled the objections, he would endorse his ruling thereon and officially sign them. In 1941, the rule was amended to allow objections to be dictated to the court reporter in the presence of and with the consent of the court and opposing counsel; that such objections be subsequently transcribed; and, the court's ruling and official signature be endorsed thereon and filed with the clerk. The rule was rewritten, effective January 1, 1976. While the 1976 version still provides that the judge shall announce his rulings upon all objections made to the charge, oral objections may now be made without consent of court. Moreover, the concluding sentence of the new rule states "[i]t shall be presumed, unless otherwise noted in the record, that the party making such objections presented the same at the proper time and excepted to the ruling thereon."

In the case at bar, during the preparation of the court's charge, the following colloquy occurred between the court and H.H. Rankin, attorney for Montgomery Ward & Co:

THE COURT: Okay, now, you're first—let me see if I have got a number on it. All right.

MR. RANKIN: All right, now, Your Honor, for the record, I want to object to the submission of Special Issue—where is it? Where is this Charge to the Special Issue Number—

THE COURT: Number One?

MR. RANKIN: Yes.

THE COURT: False Imprisonment Issue.

MR. RANKIN: I want to object to the Special Issue Number One because Special Issue Number One is a comment on the weight of the evidence.

THE COURT: All right.

MR. RANKIN: In that it states that what would reasonably compensate the Plaintiff for damages resulting from false imprisonment, thereby already assuming and advising the jury that false imprisonment had already occurred in the eyes, of the mind of the Court. Therefore, we object to that and submit that that should be submitted in two Special Issues: One, do you find that there was false imprisonment, and then a Damage Issue.

THE COURT: Yes.

MR. RANKIN: In that respect, the Defendant submits their request for Special Issue Number One.

Montgomery Ward then submitted its requested special issue number one, an inquiry as to whether Olivia Hernandez was falsely imprisoned as that term was defined in the charge. The court endorsed and signed its denial of the requested issue.

The majority relies upon three cases for the proposition that error, if any, in the objection to submission of special issue number one was not preserved because no ruling was obtained on the objection. Those cases are *Lone Star Steel Co. v. Wahl,* 636 S.W.2d 217 (Tex.App.—Texarkana 1982, no writ); *Texas Employers Insurance Assoc. v. Clapper,* 605 S.W.2d 938 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); and *Reliance Insurance Co. v. Dahlstrom Corp.,* 568 S.W.2d 733 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). Additionally, Ms. Hernandez in her brief cites the case of *Hyder-Ingram Chevrolet, Inc. v. Kutach,* 612 S.W.2d 687 (Tex.App.—Houston [14th Dist.] 1981, no writ). While it is true that all four cases were decided after the 1976 amendment to Rule 272, a study of each case will indicate that none considered the 1976 amendment. Instead, all relied upon pre-1976 cases as authority.[1] Current

---

1. For example, *Lone Star Steel Co. v. Wahl, supra,* cited only *Reliance Insurance Co. v. Dahlstrom Corp., supra,* and *Howard v. Bolin Warehouses, Inc.,* 422 S.W.2d 489 (Tex.Civ.App.—Texarkana 1967, no writ). *Reliance Insurance Co. v. Dahlstrom Corp., supra,* relied only upon *Big Three Welding Equipment Co. v. Roberts,* 399 S.W.2d 912 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.). *Texas Employers Insurance Assoc. v. Clapper, supra,* relied only upon *Carr v. Gregory,* 472 S.W.2d 819 (Tex.Civ.App.—Corpus Christi 1971, no writ).

court interpretations of Rule 272 requirements based upon pre-1976 holdings are as if Rule 272 was never amended.

Aside from the court of appeals in this case, only one court has attempted to interpret Rule 272 as it currently exists. In *Harbour v. Cogburn,* 646 S.W.2d 330 (Tex. App.—Eastland 1982, writ requested), the record failed to disclose the ruling by the trial court on Harbour's objection to the court's failure to submit an issue regarding the existence of a partnership. Cogburn contended that error, if any, was not preserved because of Harbour's failure to obtain a ruling on the objection.

In holding that Harbour had preserved his right to complain of the omission of the partnership issues, the court identified the critical new language of the 1976 amendment to Rule 272: "It shall be presumed unless otherwise noted in the record, that the party making such objections presented the same at the proper time and excepted to the ruling thereon." The court stated: "This [amendment] clearly creates a presumption of timeliness of objections and exceptions to the court's ruling, but it is unclear whether the existence of a ruling may be presumed as well." 646 S.W.2d 332. The *Harbour* court, however, failed to resolve the question of whether Rule 272 presumed the existence of a ruling in all cases.[2] Instead, the court's opinion focused narrowly on the facts of the case. Examining the record, the court determined first that Harbour's objection was properly made and second, that it had been acknowledged by the trial judge. Third, the court noted that the charge eventually submitted to the jury had not been corrected. Finally, relying on these three facts, the court, in effect, presumed that the objection had been overruled.

Finally, *Hyder-Ingram Chevrolet, Inc. v. Kutach, supra,* relied only upon *Permian Corp. v. Trumbull Asphalt Co. of Del.,* 472 S.W.2d 555 (Tex.Civ.App.—Corpus Christi 1971, no writ).

**2.** Although the court of appeals in *Harbour* did not reach the question of the effect of the 1976 amendment to Rule 272, at least one commentator has suggested that present Rule 272 eliminates the necessity of securing an express rul-

Like the situation in *Harbour,* it is clear from the record in the case at bar that Montgomery Ward made a proper objection and that the trial court was knowledgeable of the objection. The judge interposed the words "all right" and "yes" after the objection was made. Because the trial court's charge contained the issue as objected, it certainly may be presumed that the objection was overruled even though the magic words were not pronounced.

The modern trend of amendments to the Rules of Civil Procedure is to eliminate traps for the unwary. I believe that the holding in *Harbour* is consistent with this trend. Therefore, using the *Harbour* test, I would hold that Montgomery Ward's objection to Special Issue Number One was preserved for appellate review.

Like Rule 272, Rule 277 of the Texas Rules of Civil Procedure has been modernized. With the 1973 amendment to that rule, the following language was added:

> It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues. . . .

> In submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict and in such instances the charge shall not be subject to the objection that it is a general charge.

Special issue number one, as submitted, does not comment on the weight of the evidence because it does not assume the existence of false imprisonment. The issue simply asks the jury how much money, if

ing on objections. *See* 3 R. McDonald, *Texas Civil Practice in District and County Courts,* § 12.28 (Supp.1983). In pertinent part, McDonald states: "Since it is presumed that the objections were presented at the proper time and ruling obtained at that time, the many problems experienced in protecting the record for appellate review under the old rule should be greatly diminished." *Id.* at 56.

any, should be awarded for damages resulting from false imprisonment, if any. The instructions tell the jury what constitutes false imprisonment. Therefore, the jurors in this case were free to award a sum of money as damages if they felt Montgomery Ward was guilty of false imprisonment.

If negligent conduct and proximate cause may be combined into one issue as has been approved in *Members Mutual Insurance Co. v. Muckelroy,* 523 S.W.2d 77 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ ref'd n.r.e.), then why should not conduct and damages likewise properly be joined in the same issue? Under the facts and the submission in the instant case, a lawyer would not have to be overly ingenious to argue to the jury that if they did not believe false imprisonment had occurred they should not award any damages. Any advocate could refer to the charge and advise the jury that because of the qualifying words "if any," the judge was not telling them that false imprisonment existed. Any advocate should be fully able to trace the entire facts of the case as to whether false imprisonment occurred and suggest in the absence of any false imprisonment the answer to issue number one logically should be "none."

As discussed by Chief Justice Pope and William G. Lowerre in their article, *The State of the Special Verdict—1979,* 11 St. Mary's L.J. Volume 1 (1979), broad issues with proper definitions have long been permitted in non-tort cases, such as eminent domain, common-law marriage, child custody, condemnation, wrongful collection efforts, divorce, violation of city ordinances, adverse possession, and breach of contract. Undoubtedly there are many curmudgeons of the law who mourn the passing of former Rules 272 and 277, just as they did when the 1941 Rules sounded the death knell for general demurrers and taking exceptions to the court's rulings. It is little wonder that former Chief Judge John R. Brown, writing in *Page v. St. Louis Southwestern Railway Company,* 349 F.2d 820 (5th Cir.1965) observed of Texas practice: "All of these collateral devices so dear to the heart of Texas bred and Texas trained lawyers immersed in its complex system of

special issue submission are in reality merely a submission in another form of questions already implicit in the basic ones...." Judge Brown concluded as to our special issue practice as it was prior to 1973 that it "leads only to confusion and a proliferation of metaphysical terms scarcely understandable to the most astute scholar." *Id.* at 826–27.

I would hold that special issue number one was properly submitted because it did not assume as true the controverted issue of false imprisonment and because the jury was left free to answer "none" if they did not believe that false imprisonment had occurred. However, because Olivia Hernandez has not assigned the court of appeals' ruling on this as a point of error, I am unable to concur with the majority result.

POPE, C.J., and SPEARS, J., join in this dissent.

## ON MOTION FOR REHEARING

■ Montgomery Ward points out by motion for rehearing that its factual insufficiency points of error raised in the court of appeals were not considered by that court. We agree and grant Montgomery Ward's motion for rehearing in part. Inasmuch as these factual insufficiency points are within the exclusive jurisdiction of the court of appeals, we must remand the cause to that court for determination of such points. *Strange v. Treasure City,* 608 S.W.2d 604, 610 (Tex.1980); *Sagebrush Sales Co. v. Strauss,* 605 S.W.2d 857, 861 (Tex.1980).

We adhere to our judgment of May 11, 1983, which reversed the judgment of the court of appeals. We withdraw that portion of our judgment which affirms the judgment of the trial court, and remand the cause to the court of appeals for further proceedings not inconsistent with this opinion. In all other respects, the motion for rehearing is overruled.

KILGARLIN, J., concurs with opinion on rehearing.

KILGARLIN, Justice, concurring.

I agree with the majority that this cause should be remanded to the court of appeals for determination of evidence points over which we lack jurisdiction. However, I still adhere to my dissent in respect to the propriety of the issue submitted and the preserving of error as to its submission.