Otis GRAFA, Appellant,

v.

Lloyd MORGAN, Appellee.

No. 08–85–00102–CV

Court of Appeals of Texas,
El Paso.

Sept. 11, 1985.

Rehearing Denied Oct. 9, 1985.

John G. Hyde, Freeman, Hyde & Martin, Midland, for appellant.

G. Bert Smith, Jr., Law Offices of G. Bert Smith, Jr., Inc., Andrews, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a take-nothing judgment in a damage suit arising out of a sand and gravel lease agreement. The judgment was based upon jury answers to special issues. We affirm.

Appellant's sole point of error contends that the trial court erred in denying his motion for judgment based upon the jury answer to Special Issue No. 5. Appellant entered a lease agreement to permit him to extract sand and gravel from a tract of land owned by Appellee. The only access to Appellee's land was over a tract owned by his brother. The lease agreement made no provision for assuring Appellant ingress or egress. Appellant used a road across Appellee's brother's land for several months until the brother ordered that such use terminate. Appellant then brought suit. No objection was made to the special issue submissions. The special issues and corresponding jury answers were as follows:

Special Issue No. 1.
Do you find from a preponderance of the evidence that OTIS GRAFA and LLOYD MORGAN entered into a lease agreement?
Answer: We do

Special Issue No. 2.
Do you find from a preponderance of the evidence that LLOYD MORGAN, acting individually or in concert with another person, acted to deprive OTIS GRAFA of a means of access to and from LLOYD MORGAN'S property?
Answer: We do not

Special Issue No. 3.
Do you find from a preponderance of the evidence that LLOYD MORGAN failed to provide to OTIS GRAFA the privilege of using water produced from LLOYD MORGAN'S property?
Answer: We do not

Special Issue No. 4.
Do you find from a preponderance of the evidence that LLOYD MORGAN, individually or through another person, acted to deprive OTIS GRAFA of the use of LLOYD MORGAN'S property?
Answer: We do not

Special Issue No. 5.
What amount of damages, if any, if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate OTIS GRAFA for his damages, if any, which you find from a preponderance of the evidence resulted from the conduct of LLOYD MORGAN?
Answer: $18,000.00

Appellant now asserts that despite the jury's negative answers to specific issues of breach and liability in Special Issues Nos. 2, 3 and 4, judgment should have been granted upon Special Issue No. 5 since it was the controlling issue in the case. Appellant seeks to construe Special Issue No. 5 as a general issue submission and then relies upon the opinion in *Hernandez v. Montgomery Ward & Co.*, 652 S.W.2d 923 (Tex.1983) for a favorable interpretation of the jury's answer.

Even if Appellant were correct in seeking to construe this submission as a general one and not one of separate specific issues, the *Hernandez* result would not obtain. There can be no damages or recovery without establishing liability. While the phrasing of the submission in *Hernandez* is similar to Special Issue No. 5, it differs in the critical area of causation. In

**494**

*Hernandez,* the following issue was submitted:

> What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate Olivia Hernandez for damages *directly resulting from the false imprisonment,* if any, on the occasion in question? [emphasis added]

In answering the question with an amount, the jury necessarily found false imprisonment by the defendant to be the cause of such damages and false imprisonment is by definition wrongful conduct. In the present case, in answering Special Issue No. 5, the jury merely related it to "conduct of LLOYD MORGAN", with no determination that such conduct was wrongful.

■ In any event, this was not a general issue submission. In addition to the damage issue, the court submitted three special issues dealing with the theories of wrongful conduct presented in the pleadings and evidence. Those were uniformly answered in Appellee's favor.

> Though each party may find support in the findings, it may be that some of the findings dominate others and hence will sustain a judgment ... a specific finding has been held to dominate a finding which is so general as to constitute a legal conclusion, provided the general finding does not necessarily include the specific. ...

3 R. McDonald, Texas Civil Practice, section 15.06.5 (1983). In this case, the more specific liability issues dominate and, by contrast with *Hernandez,* the general damage issue does not necessarily include a finding of "wrongful" conduct on the part of the Appellee. See also: *Wilkinson v. Southern Farm Supply Association,* 409 S.W.2d 435 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). By not necessarily encompassing the requisite wrongful conduct element, the answer to Special Issue No. 5 would not form a basis for judgment and hence was not a controlling, dominant or ultimate issue. The trial court therefore did not err in disregarding it, denying Appellant's motion for judgment and rendering a take-nothing judgment founded upon the other jury findings. *Stone v. Metro Restaurant Supply, Inc.,* 629 S.W.2d 254, 256 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Neuhaus v. Kain,* 557 S.W.2d 125, 135 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Point of Error No. One is overruled.

The judgment is affirmed.