11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Harris County and Harris County Sheriff=s Department

Appellants

Vs.                   No. 11-00-00084-CV B Appeal from Harris County

Linda Lu

Appellee

 

Plaintiff, Linda Lu, sued Harris County and Harris
County Sheriff=s
Department,[1] urging
that defendants violated plaintiff=s
constitutional rights under 42 U.S.C.A. '
1983 (West Supp. 2001).  Plaintiff
asserted that Mark Fleck, a Harris County Deputy Sheriff, sexually assaulted
her while she was a patient in a hospital and was being guarded by Deputy
Fleck.  The jury returned a verdict of
$300,000 in favor of plaintiff. 
Defendants appeal.  We reverse
and remand.

Defendants contend that the trial court erred in
overruling their objections to the court=s
charge.  We agree.  The court in Monell v. Department of Social
Services of the City of New York, 436 U.S. 658, 691 (1978), stated:

[W]e
conclude that a municipality cannot be held liable solely because it
employs a tortfeasorBor,
in other words, a municipality cannot be held liable under '1983 on a respondeat
superior theory.  (Emphasis in original)

 

This court observed in Walsweer v. Harris County,
796 S.W.2d 269, 272 (Tex.App. - Eastland 1990, writ den=d), cert. den=d, 502 U.S. 866 (1991):

Monell
requires a plaintiff to show that his or her injuries resulted from a
governmental Apolicy
or custom.@  436 U.S. at 694, 98 S.Ct. at 2037.  Monell defines Apolicy@ as Aa policy statement, ordinance, regulation, or
decision officially adopted and promulgated by that body=s officers.@  436 U.S. at 690, 98 S.Ct. at 2036.  Monell defines Acustom@ as a Apersistent and widespread@ practice even though it
has not been officially adopted.  436
U.S. at 691, 98 S.Ct. at 2036.








See also Board of the County Commissioners of Bryan County,
Oklahoma v. Brown, 520 U.S. 397 (1997).

The trial court=s
charge contained the following instructions:

A person commits an offense of Sexual Assault if
he intentionally or knowingly causes the penetration of a female sexual organ
by any means without that person=s
consent or causes the sexual organ of another person without that person=s consent to contact or
penetrate the mouth, anus, or sexual organ of another person.

 

Linda Lu has a right under the Eighth Amendment to
be free from cruel and unusual punishment which includes the right to be
reasonably protected from the constant threat of violence and sexual assault by
Deputy Sheriffs of Harris County, Texas.

 

Harris County will have violated this right if you
find by a preponderance of the evidence that Marcus Fleck sexually assaulted
Linda Lu and such assault was characterized by the Aunnecessary and wanton infliction of pain not
by mere negligence or inadventure.@  AWantoness@ means Adeliberate indifference@ or Arecklessness.@  ADeliberate
indifference@ or Arecklessness@ is reflected by a complete
indifference to risk or a conscious disregard that manifests extreme
indifference to the value of human life.

 

Following the instruction, the jury was asked in AQuestion 1," the only
question submitted regarding liability: 
ADo you find
from a preponderance of the evidence that Harris County violated the civil
rights of Linda Lu?@  The jury answered, AYes.@

The record shows the following objections to the
court=s charge and the
court=s ruling:

[DEFENDANTS=
COUNSEL]: Your Honor, we object to the instruction that you=ve given that Harris County
will have violated this right, referring to the Eighth Amendment, if you find
by preponderance of the evidence that Marcus Fleck sexually assaulted Linda Lu
and that such assault was characterized by unnecessary and wanton infliction of
pain, not by mere negligence or misadventure.

 

We object to that because, Your Honor, that=s just not the standard for
section 1983, action against a municipality. 
A section 1983 claim against a municipality cannot be based on a theory
of vicarious liability or the doctrine of respondeat superior, which is exactly
what that charge provides.  Marcus Fleck
was an employee, nothing more.  His acts
did not fairly represent the policy-making of Harris County.

 








In Monal (sic) versus Department of Social Services this was a
central point in that case because it was found that in order to establish
liability against a municipality there must be a direct causal link and that
respondeat superior did not provide a sufficient link in order to make a
municipality liable for the acts of employees of a governmental entity.

 

A municipality can only be found liable if it has a policy or a
custom, either failure to train, failure to hire, failure to supervise,
something in the policy of that county which encourages or permits its
officers, such as Mark Fleck, to engage in the use of excessive force so as to
amount to a section 1983 claim for a violation of the Eighth Amendment to the
Constitution.

 

There must be a direct causal link between the policy, custom,
deficient training, inadequate supervision or whatever is alleged, and that
must relate specifically to the alleged constitutional violation.

 

Your Honor, we would also object because the instruction
indicates the deliberate indifference is tied solely to Marcus Fleck.  This is incorrect.  The deliberate indifference must be tied to Harris County, which
falls in line with the reasoning of Monal (sic), a United States Supreme Court
case, which has not been expanded or superseded.

 

We would ask for a ruling on that objection.

 

THE COURT: Okay. 
Defendant=s
objection will be overruled.

 

                                                            *   *  
*

 

[DEFENDANTS=
COUNSEL]: We would also object to question number 1 specifically because, once
again, this instruction does not tie the violation of Marcus Fleck=s alleged sexual assault to
some custom, policy or other matter for which Harris County would have direct
causal responsibility for the civil rights violation allegedly occurring to
Linda Lu under the Eighth Amendment of the Constitution.

 

THE COURT: The objection will be overruled.

 








The instructions submitted to the jury made no
reference to any county policy or custom. 
The liability of the county was based solely on a finding that Deputy
Fleck committed a sexual assault against the plaintiff.  The defendants=
objections to the charge clearly and distinctly pointed out to the trial court
the objectionable matter.  TEX.R.CIV.P.
274; State Department of Highways & Public Transportation v. Payne, 838
S.W.2d 235 (Tex.1992); Religious of the Sacred Heart of Texas v. City of Houston,
836 S.W.2d 606 (Tex.1992); Hernandez v. Montgomery Ward & Co., 652 S.W.2d
923 (Tex.1983).  We hold that the error
probably caused the rendition of an improper judgment.  TEX.R.APP.P. 44.1(a)(1).  For that reason, the case must be reversed,
and the cause remanded for a new trial.

We do not reach defendants= contentions that the case should be reversed
and rendered.  Those arguments were not
preserved for appellate review. 
Defendants filed a motion for ADirected
Verdict@ on October
26, 1999, one day after the jury returned its verdict.  The jury had been discharged, and this was
clearly an untimely filed motion for directed verdict.  We refuse to treat the motion for directed
verdict as a motion for judgment notwithstanding the verdict.  Even if we treated the motion as being a
merely mislabeled motion for judgment notwithstanding the verdict, the record
fails to show that the motion was ever presented to the trial court.  On November 18, 1999, the trial court
entered judgment for plaintiff on the verdict rendered by the jury.  On December 17, 1999, Harris County filed
its motion for judgment notwithstanding the verdict.  However, the record fails to show that the motion was ever
presented to the trial court.  The record
fails to reflect either an explicit or implicit ruling by the trial court on
the motion.  See McDONALD & CARLSON,
TEXAS CIVIL PRACTICE '
26.12  (2d ed. 2001).  We note that defendants urged in their
motion for new trial that there was no evidence to support the jury=s answer to Question No.
1.  It is unnecessary for us to consider
this issue because the only relief requested was a new trial.  Thedford v. Missouri Pacific Railroad
Company, 929 S.W.2d 39 (Tex.App. - Corpus Christi 1996, writ den=d).  Thus, it is unnecessary to a final
disposition of this appeal. 
TEX.R.APP.P. 47.1.

We agree with Harris County that the trial court
erred in rendering judgment against the AHarris
County Sheriff=s
Department, jointly and severally.@  Question No. 1 related only to AHarris County.@  The jury did not return a verdict against AHarris County Sheriff=s Department.@  The judgment entered against Harris County
Sheriff=s Department
did not conform to the jury=s
verdict.  TEX.R.CIV.P. 301.

 

 








The judgment of the trial court is reversed, and
the cause is remanded to the trial court for a new trial.

 

AUSTIN McCLOUD

SENIOR JUSTICE

May 16, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Wright, J., and

McCall,
J., and McCloud, S.J.[2]











[1]The final judgment states that former party Johnny
Klevehagen, Harris County Sheriff, had been previously dismissed from the
cause; and the record shows that the plaintiff=s
claim against former party Mark Fleck was severed from the cause and assigned a
new cause number.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.